IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KONINKLIJKE PHILIPS N.V., <br> U.S. PHILIPS CORPORATION, <br><br> Plaintiffs, <br><br> v. <br><br> DOUBLE POWER TECHNOLOGY, INC., <br> ZOWEE MARKETING CO., LTD., <br> SHENZEN ZOWEE TECHNOLOGY CO., LTD., <br><br> Defendants. | ) ) ) ) ) ) ) C.A. No. 15-1130 (GMS) ) ) ) ) ) ) ) ) |

**OPENING BRIEF IN SUPPORT OF DEFENDANTS
DOUBLE POWER TECHNOLOGY, INC.'S, ZOWEE MARKETING
CO., LTD.'S AND SHENZHEN ZOWEE TECHNOLOGY CO., LTD'S
RULE 12(b)(2) & (3) MOTION TO DISMISS PLAINTIFFS'
<u>COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE</u>**

OF COUNSEL:

Bryan G. Harrison
Locke Lord LLP
Terminus 200
3333 Piedmont Road NE, Suite 1200
Atlanta, GA 30305
(404) 870-4629

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Karen Jacobs (#2881)
Mirco J. Haag (#6165)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
kjacobs@mnat.com
mhaag@mnat.com
*Attorneys for Defendants*

April 28, 2016

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................. ii
   I.   NATURE AND STAGE OF PROCEEDINGS .............................................................1
   II.   SUMMARY OF ARGUMENT .....................................................................................1
   III.   STATEMENT OF THE FACTS ...................................................................................2
   IV.   ARGUMENT .................................................................................................................3
       A.   Personal Jurisdiction Requires Actual Facts, Not Unsupported Allegations. ...................4
       B.   Plaintiffs Have Not Adequately Established This Court's General Jurisdiction or Specific Jurisdiction. .....................................................................................5
       C.   Due Process Requires Defendants To Target Delaware. ................................................9
CONCLUSION ..................................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Applied Biosys., Inc. v. Cruachem, Ltd.*,
    772 F. Supp. 1458 (D. Del. 1991) ............................................................................. 9

*Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*,
    566 F.3d 1012 (Fed. Cir. 2009) ............................................................................... 4

*Avocent Huntsville Corp. v. ATEN Int'l Co.*,
    552 F.3d 1324 (Fed. Cir. 2008) ........................................................................ 3-4, 6

*Belden Techs., Inc. v. LS Corp.*,
    626 F. Supp. 2d 448 (D. Del. 2009) ......................................................................... 5

*Boston Sci. Corp. v. Wall Cardiovascular Tech.*,
    LLC, 647 F. Supp. 2d 358 (D. Del. 2009) ............................................................... 8

*D'Jamoos v. Pilatus Aircraft Ltd.*,
    566 F.3d 94 (3d Cir. 2009) ................................................................................ 7, 10

*Elecs. for Imaging, Inc. v. Coyle*,
    340 F.3d 1344 (Fed. Cir. 2003) ........................................................................... 9-10

*Eurofins Pharma US Holdings v. Bioalliance Pharma SA*,
    623 F.3d 147 (3d Cir. 2010) .................................................................................... 8

*Freres v. SPI Pharma, Inc.*,
    629 F. Supp. 2d 374 (D. Del. 2009) ......................................................................... 6

*Goodyear Dunlop Tires Ops., SA v. Brown*,
    131 S. Ct. 2846 (2011) ............................................................................................ 7

*Hercules Inc. v. Leu Trust & Banking (Bahamas) Ltd.*,
    611 A.2d 476 (Del. 1992) ........................................................................................ 5

*ICT Pharms., Inc. v. Boehringer Ingelheim Pharms., Inc.*,
    147 F. Supp. 2d 268 (D. Del. 2001) ......................................................................... 4

*IMO Indus., Inc. v. Kiekert AG*,
    155 F.3d 254 (3d Cir. 1998) .................................................................................... 4

*J. McIntyre Mach., Ltd. v. Nicastro*,
    131 S. Ct. 2780 (2011) (Breyer, J., concurring) ....................................................... 4

*Kehm Oil Co. v. Texaco, Inc.*,
537 F.3d 290 (3d Cir. 2008) 6

*Merck & Co. v. Barr Labs., Inc.*,
179 F. Supp. 2d 368 (D. Del. 2002) 6

*Monsanto Co. v. Syngenta Seeds, Inc.*,
443 F. Supp. 2d 636 (D. Del. 2006) 7

*Moore v. Little Giant Indus., Inc.*,
513 F. Supp. 1043 (D. Del. 1981), *aff'd*, 681 F.2d 807 (3d Cir. 1982) 5

*Nuance Commc'ns, Inc. v. Abbyy Software House*,
626 F.3d 1222 (Fed. Cir. 2010) 9

*Polar Electro v. Suunto Oy*,
No. 11-1100-GMS (D. Del. May 12, 2015) (Sleet, J.) 4, 5

*Time Share Vacation Club v. Atlantic Resorts, Ltd.*,
735 F.2d 61 (3d Cir. 1984) 4

*TriStrata Tech., Inc. v. Neoteric Cosmetics, Inc.*,
961 F. Supp. 686 (D. Del. 1997) 6

**Rules and Statutes**

10 Del. C. § 3104(c) 6-8

Federal Rules of Civil Procedure Rule 12(b)(2) and (3) 1, 4

## I. NATURE AND STAGE OF PROCEEDINGS

On December 7, 2015, Plaintiffs Koninklijke Philips N.V. ("Netherlands Philips") and U.S. Philips Corp. ("US Philips") filed a Complaint alleging that Defendants Double Power Technology Co., Inc. ("Double Power"), Zowee Marketing Co., Ltd. ("Zowee Mktg"), and Shenzhen Zowee Technology Co., Ltd. ("Shenzhen Zowee") (collectively, "Defendants") infringe United States Patent Nos. RE 44,913 (the "'913 Patent"), 6,690,387 (the "'387 Patent"), 7,184,064 (the "'064 Patent"), 7,529,806 (the "'806 Patent"), 5,910,797 (the "'797 Patent"), 6,522,695 (the "'695 Patent"), 8,543,819 (the "'819 Patent"), 6,772,114 (the "'114 Patent"), and RE 43,564 (the "'564 Patent") (collectively, "Patents-in-Suit") (D.I. 1 at 1). The Court granted extensions of time by which Defendants must respond to the Complaint through and including April 4 (D.I. 9 and D.I. 12). Prior to that date, Plaintiff agreed to file an amended complaint and that Defendants need not respond to the original complaint. (D.I. 13). On April 11, 2016, Plaintiffs filed their Amended Complaint against Double Power, Shenzhen Zowee, and Zowee Marketing. (D.I. 15).

Pursuant to Rule 12(b)(2) and (3) of the Federal Rules of Civil Procedure, Defendants now move to dismiss the Amended Complaint for lack of personal jurisdiction and improper venue.[1] This is Defendants' opening brief in support of their motion.

## II. SUMMARY OF ARGUMENT

Simply put, this Court lacks personal jurisdiction and venue over Defendants. Personal jurisdiction requires acts in Delaware, and must be examined on a defendant-by-defendant and patent-by-patent basis. Here, none of the Defendants is incorporated or registered to do business

---

[1] Defendants incorporate herein by reference the motion and opening arguments filed by ASUSTeK Computer Inc. and ASUS Computer International on March 8, 2016 in support of its motion to dismiss for lack of venue. (D.I. 12 in C.A. No. 15-1125)

in Delaware. None has employees, documents, or places of business in Delaware. And none has bank accounts, real estate, or subsidiaries in Delaware and none of the alleged acts of infringement by Defendants has occurred in Delaware.

In such circumstances, this Court does not have personal jurisdiction over Defendants and the Amended Complaint should be dismissed.

### III. STATEMENT OF THE FACTS

Double Power is a California corporation with its principal place of business in Ontario, California. (Decl., of Rachel Leung ("DP Decl."), ¶ 2). All of its employees are in Ontario, California, which is within the Central District of California. (DP Decl., ¶ 14). Double Power purchases its products and receives them, indirectly, from Shenzhen Zowee. (DP Decl., ¶ 9). Double Power generally receives the products at ports or airports in San Francisco, Oakland, or Los Angeles, California, not Delaware. (DP Decl., ¶ 10). Double Power stores its products in Ontario, California. (DP Decl., ¶ 10). Double Power has received no revenues from sales—including sales of the accused products in this action—or other operations within the State of Delaware between 2010 and 2016. (DP Decl., ¶15).

Zowee Marketing is a Hong Kong corporation with its principal place of business in Hong Kong. (Decl., of Wei Chen ("ZM Decl."), ¶ 2). Zowee Marketing does not sell or solicit business for the accused products in Delaware. (ZM Decl., ¶ 9). In fact, Zowee Marketing does not have any involvement whatsoever with the accused products. (ZM Decl., ¶ 8).

Shenzhen Zowee is a Chinese company with its principal place of business in Shenzhen. (Decl., of Eric Wu ("SZ Decl."), ¶ 2). Shenzhen Zowee designs and manufactures the products accused in this litigation, which are designed and manufactured in China, not Delaware. (SZ Decl., ¶¶ 8-9). Shenzhen Zowee does not sell or solicit business for the accused products in

Delaware. (SZ Decl., ¶ 9).

None of the Defendants:

- has any place of business or employee in Delaware, (DP Decl., ¶ 3; ZM Decl., ¶ 3; SZ Decl., ¶ 3);
- owns any real estate or bank account in Delaware, (DP Decl., ¶ 4; ZM Decl., ¶ 4; SZ Decl., ¶ 4);
- is registered to do business in Delaware, (DP Decl., ¶ 5; ZM Decl., ¶ 5; SZ Decl., ¶ 5);
- has a registered agent for service of process in Delaware, (DP Decl., ¶ 6; ZM Decl., ¶ 6; SZ Decl., ¶ 6);
- owns or controls any subsidiary in Delaware, (DP Decl., ¶ 7; ZM Decl., ¶ 7; SZ Decl., ¶ 7);
- designs or manufactures products in Delaware, (DP Decl., ¶ 8; ZM Decl., ¶ 8; SZ Decl., ¶ 8);
- advertises in Delaware, (DP Decl., ¶ 12; ZM Decl., ¶ 10; SZ Decl., ¶ 12);
- is aware of any employee traveling to Delaware on its behalf, (DP Decl., ¶ 13; ZM Decl., ¶ 11; SZ Decl., ¶ 13);
- has any relevant witnesses or documents in Delaware, (DP Decl.¶14; ZM Decl., ¶ 12; SZ Decl., ¶ 14); or
- has derived any revenue from sales within the State of Delaware from 2010 to the present, (DP Decl.¶15; ZM Decl., ¶ 13; SZ Decl., ¶ 15).

According to its Amended Complaint, Netherlands Philips is a Netherlands corporation with its principal place of business in Eindhoven. (D.I. 15, ¶2). US Phillips is a Delaware corporation but its principal place of business is in Andover, Massachusetts. (D.I. 15, ¶ 3). Moreover, none of the named inventors is listed in the patents as residing in Delaware. To the best of Defendants' knowledge, neither Plaintiff has any place of business or employee in Delaware.

## IV. ARGUMENT

The Amended Complaint should be dismissed because Defendants are not subject to personal jurisdiction in Delaware. In particular, none of the Defendants has performed any act in Delaware.

A. <u>Personal Jurisdiction Requires Actual Facts, Not Unsupported Allegations.</u>

Personal jurisdiction in patent cases is governed by Federal Circuit law because the jurisdictional issue is intimately involved with the substance of the patent laws. *Avocent Huntsville Corp. v. ATEN Int'l Co.*, 552 F.3d 1324, 1328 (Fed. Cir. 2008). "Determining whether personal jurisdiction exists over an out-of-state defendant involves two inquiries: whether a forum state's long-arm statute permits service of process, and whether the assertion of personal jurisdiction would violate due process." *Id.* at 1329. While a court must accept a plaintiff's allegations as true for purposes of a motion to dismiss, the plaintiff bears the burden of proving that personal jurisdiction is proper. *See J. McIntyre Mach., Ltd. v. Nicastro*, 131 S. Ct. 2780, 2792 (2011) (Breyer, J., concurring); *Polar Electro v. Suunto Oy*, No. 11-1100-GMS (D. Del. May 12, 2015) (Ex. A) , *ICT Pharms., Inc. v. Boehringer Ingelheim Pharms., Inc.*, 147 F. Supp. 2d 268, 270-71 (D. Del. 2001). *See also IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 257 (3d Cir. 1998); *Synthes (USA) v. G.M. dos Reis Jr. Ind. Corn. De Equip. Medico*, 563 F.3d 1285, 1294 (Fed. Cir. 2009). A plaintiff may not rely on the bare pleadings alone to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of *in personam* jurisdiction. *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1023 (Fed. Cir. 2009). *See also Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984). Once the motion is made, plaintiff must respond with actual proofs, not mere allegations, and the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence. *Id.*

Here, Plaintiffs make boilerplate assertions that all of Defendants (without any distinction between them) are subject to personal jurisdiction in Delaware "because Defendants have, directly or through intermediaries, committed acts within Delaware giving rise to this action and/or have established minimum contacts with Delaware such that the exercise of jurisdiction

would not offend traditional notions of fair play and substantial justice. Defendants have placed, and are continuing to place, infringing products into the stream of commerce, via an established distribution channel, with the knowledge and/or understanding that such products are sold in the State of Delaware, including in this District. Upon information and belief, Defendants have derived substantial revenues from their infringing acts occurring within the State of Delaware and within this District." (D.I. 15, ¶ 8).

Plaintiffs have failed to meet their burden on at least three fronts. First, Plaintiffs improperly fail to distinguish between the three Defendants. Second, Plaintiffs' allegations state only legal conclusions, not facts. Third, Plaintiffs' allegations refer to "one or more of the Patents-in-Suit" but fail to explain a basis for all patents-in-suit. When looking at the facts, including viewing each defendant and each patent independently as required, there is no statutory basis for asserting personal jurisdiction. Further, the exercise of personal jurisdiction here would violate due process because Defendants have neither maintained systematic and continuous contacts with Delaware, nor have they engaged in conduct here purposefully targeted at Delaware.

> B.  Plaintiffs Have Not Adequately Established This Court's General Jurisdiction or Specific Jurisdiction.

To establish personal jurisdiction over Defendants in Delaware, Plaintiffs must plead facts to establish both (i) a statutory basis for jurisdiction under the state's long-arm statute, and (ii) that the exercise of jurisdiction would comport with due process. *Polar Electro,* slip op. at 3; *Belden Techs., Inc. v. LS Corp.*, 626 F. Supp. 2d 448, 455 (D. Del. 2009); *see also Moore v. Little Giant Indus., Inc.*, 513 F. Supp. 1043, 1046 (D. Del. 1981), *aff'd*, 681 F.2d 807 (3d Cir. 1982). This Court has construed the long-arm statute as "confer[ring] jurisdiction to the maximum extent possible under the Due Process Clause." *Polar Electro,* slip op. at 3; *Belden*

*Techs.*, 626 F. Supp. 2d at 455 n.3 (*quoting Hercules Inc. v. Leu Trust & Banking (Bahamas) Ltd.*, 611 A.2d 476, 480–81 (Del. 1992) (citations omitted)).

Federal courts have recognized two types of personal jurisdiction: general and specific jurisdiction. "General jurisdiction exists when a defendant has maintained systematic and continuous contacts with the forum state." *Kehm Oil Co. v. Texaco, Inc.*, 537 F.3d 290, 300 (3d Cir. 2008); *Avocent Huntsville Corp. v. ATEN Int'l Co.*, 552 F.3d 1324, 1330 (Fed. Cir. 2008). "Specific jurisdiction exists when the claim arises from or relates to conduct purposely directed at the forum state." *Kehm*, 537 F.3d at 300; *Avocent*, 552 F.3d at 1330.

Under the Delaware long-arm statute, "[s]ubsection (c)(1)-(3) and (5)-(6) are specific jurisdiction provisions, where there must be a nexus between the cause of action and the conduct of the defendant as a basis for jurisdiction. Subsection (c)(4) is a general jurisdiction provision, which requires a greater extent of contacts, but applies when the claim is unrelated to forum contacts." *Freres v. SPI Pharma, Inc.*, 629 F. Supp. 2d 374, 383 (D. Del. 2009) (footnote omitted); 10 *Del. C.* § 3104(c). Plaintiffs have not identified what portion of Delaware's long-arm statute, if any, on which they rely for personal jurisdiction (nor even identified the statute).

1. This Court Does Not Have General Jurisdiction Over Defendants.

Plaintiffs have not alleged general jurisdiction. Their only statements regarding personal jurisdiction are clearly focused on specific jurisdiction. (D.I. 15 ¶ 8-10). Nevertheless, even if Plaintiffs had pled general jurisdiction, it would fail as a matter of law. "While seemingly broad in its language, the standard for general jurisdiction is high in practice and not often met." *TriStrata Tech., Inc. v. Neoteric Cosmetics, Inc.*, 961 F. Supp. 686, 691 (D. Del. 1997). "[A] plaintiff must show significantly more than mere minimum contacts to establish general jurisdiction." *Merck & Co. v. Barr Labs., Inc.*, 179 F. Supp. 2d 368, 375 (D. Del. 2002).

This Court has found no general jurisdiction when defendants "do not conduct business in Delaware"; "are not registered to do business in Delaware"; "do not produce, market or sell...any product in Delaware"; and "do not have a bank account, a telephone number or an address in Delaware." *Monsanto Co. v. Syngenta Seeds, Inc.*, 443 F. Supp. 2d 636, 643 (D. Del. 2006). This is exactly the case with Defendants. (DP Decl., ¶¶ 3, 4, 5, 15; ZM Decl., ¶¶ 3, 4, 5, 13; SZ Decl., ¶¶ 3, 4, 5, 15).

As discussed above, Defendants also have no employees, places of business, bank accounts, or real estate in Delaware. (DP Decl., ¶ 3, 4, 14; ZM Decl., ¶¶ 3, 4, 12 ; SZ Decl., ¶¶ 3, 4, 14). Thus, there is no general jurisdiction over Defendants.

Finally, a unanimous Supreme Court rejected the notion that "any substantial manufacturer or seller of goods" be amenable to suit "wherever its products are distributed." *Goodyear Dunlop Tires Ops., SA v. Brown*, 131 S. Ct. 2846, 2856 (2011); *D'Jamoos v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 106 (3d Cir. 2009). In *Goodyear*, despite the defendants' distributors having sold thousands of tires in North Carolina and those distributors actually being subsidiaries or sister corporations of defendants, only the actions of the defendants toward the forum mattered, not actions of the distributors. 131 S. Ct. at 2852, 2855. As noted above, Double Power has not sold any of its products to customers in Delaware. But even if it had, there could be no general jurisdiction over Shenzhen Zowee or Zowee Marketing based on actions by Double Power, nor over any of the Defendants based on actions of third-party distributors.

    2. This Court Does Not Have Specific Jurisdiction Over Double Power, Shenzhen Zowee or Zowee Marketing.

For specific jurisdiction, Delaware's long-arm statute requires that the actions of a defendant that give rise to the cause of action occur in Delaware. Specifically, § 3104(c) requires that a defendant (1) "Transacts any business or performs any character of work or service in the

State;" (2) "Contracts to supply services or things in this State;" or (3) "Causes tortious injury in the State by an act or omission in this State." 10 *Del. C.* § 3104(c). Transacting business, even with a Delaware corporation, outside of Delaware does not satisfy Delaware's long-arm statute. *Boston Sci. Corp. v. Wall Cardiovascular Tech.*, LLC, 647 F. Supp. 2d 358, 366 (D. Del. 2009); *Eurofins Pharma US Holdings v. Bioalliance Pharma SA*, 623 F.3d 147, 157 (3d Cir. 2010) (affirming lack of specific jurisdiction when there was "no indication that [the defendant] committed any act or omission in Delaware").

Plaintiffs have pled almost no facts in their Complaint regarding specific jurisdiction. Their allegations about acts in Delaware is that all Defendants (with no distinction between them):

- have, directly or through intermediaries, committed acts within Delaware giving rise to this action and/or have established minimum contacts with Delaware such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice. Defendants have placed, and are continuing to place, infringing products into the stream of commerce, via an established distribution channel, with the knowledge and/or understanding that such products are sold in the State of Delaware, including in this District;

- have knowingly induced and continue to knowingly induce infringement within this District by advertising, marketing, offering for sale and/or selling devices that include hardware and/or software containing infringing functionality within this District, to consumers, customers, manufacturers, distributers, resellers, partners, and/or end users, and providing instructions, user manuals, advertising, and/or marketing materials which facilitate, direct or encourage the use of infringing functionality with knowledge thereof; and

- have contributorily infringed and continue to contributorily infringe within this District by offering to sell or selling within the United States or importing into the United States hardware and/or software containing infringing functionality to be used within this District by others, including customers and other end users, knowing that such functionality includes or constitutes a material part of the claimed invention, is especially made or adapted for use by others to practice the infringing functionality and thereby directly infringe, and that such functionality is not a staple article or commodity of commerce suitable for substantial, non-infringing use

(D.I. 15 ¶¶ 8-10). These are not facts, however, but naked legal conclusions. Indeed, the only

"fact" pled in an effort to establish personal jurisdiction is Plaintiffs' averment that "[u]pon information and belief, Defendants have derived substantial revenues from their infringing acts occurring within the State of Delaware and within this District." (D.I. 15 ¶ 8). Defendants' declarations, however, demonstrate the fallacy of this averment and establish that no Defendant has derived any revenue from sales within the State of Delaware. (DP Decl.¶15; ZM Decl., ¶ 13; SZ Decl., ¶ 15)

Defendants simply have not committed any acts in Delaware that would give rise to a statutory basis for specific jurisdiction.

Further, even if specific jurisdiction existed over Double Power—which it does not—Double Power is not the alter ego of either Zowee Marketing and Shenzhen Zowee, nor have Plaintiffs even alleged it is. Accordingly, Zowee Marketing and Shenzhen Zowee cannot be subject to personal jurisdiction for the actions of Double Power. *Applied Biosys., Inc. v. Cruachem, Ltd.*, 772 F. Supp. 1458, 1463 (D. Del. 1991).

### C. The Exercise of Personal Jurisdiction Here Would Not Comport With Due Process Because Defendants Have Not Targeted Delaware.

Even after the long-arm statutory prong, a plaintiff must show that personal jurisdiction still meets constitutional due process. "To determine whether jurisdiction over an out-of-state defendant comports with due process, we look to whether (1) the defendant purposefully directed its activities at residents of the forum state, (2) the claim arises out of or relates to the defendant's activities with the forum state, and (3) assertion of personal jurisdiction is reasonable and fair." *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1231 (Fed. Cir. 2010); *Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1350 (Fed. Cir. 2003). "The first two factors correspond to the 'minimum contacts' prong of the *International Shoe* analysis, and the third factor with the 'fair play and substantial justice' prong." *Id.* "[T]he plaintiff bears the

burden to establish minimum contacts." *Id.* "The threshold requirement is that the defendant must have purposefully availed itself of the privilege of conducting activities within the forum State." *D'Jamoos*, 566 F.3d at 102-103 (quotation omitted). As discussed above, neither Double Power, Zowee Marketing, nor Shenzhen Zowee have purposefully directed their activities at Delaware residents or purposefully availed themselves of the privilege of conducting activities within Delaware. Plaintiffs' Amended Complaint does not allege a single fact showing otherwise.

## CONCLUSION

For the foregoing reasons, Double Power, Shenzhen Zowee, and Zowee Marketing respectfully request that the Court dismiss the Amended Complaint.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs*

Karen Jacobs (#2881)
Mirco J. Haag (#6165)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
kjacobs@mnat.com
mhaag@mnat.com
*Attorneys for Defendants*

OF COUNSEL:

Bryan G. Harrison
Locke Lord LLP
Terminus 200
3333 Piedmont Road NE, Suite 1200
Atlanta, GA  30305
(404) 870-4629

April 28, 2016

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 28, 2016, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on April 28, 2016, upon the following in the manner indicated:

| | |
|---|---|
| Michael P. Kelly<br>Daniel M. Silver<br>Benjamin A. Smyth<br>MCCARTER & ENGLISH, LLP<br>Renaissance Centre<br>405 N. King Street, 8th Floor<br>Wilmington, DE  19801<br><br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |
| Michael P. Sandonato<br>John D. Carlin<br>FITZPATRICK, CELLA, HARPER &<br> SCINTO<br>1290 Avenue of the Americas<br>New York, NY  10104-3800<br><br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |

/s/ *Karen Jacobs*

Karen Jacobs (#2881)