IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KONINKLIJKE PHILIPS N.V., <br> U.S. PHILIPS CORPORATION, <br><br> Plaintiffs, <br><br> v. <br><br> DOUBLE POWER TECHNOLOGY, INC., <br> ZOWEE MARKETING CO., LTD., <br> SHENZEN ZOWEE TECHNOLOGY CO., <br> LTD., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. No. 15-1130 (GMS) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**REPLY BRIEF IN SUPPORT OF DEFENDANTS'
RULE 12(b)(2) MOTION TO DISMISS PLAINTIFFS'
<u>COMPLAINT FOR LACK OF PERSONAL JURISDICTION</u>**

<table>
<tr><td></td><td>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>Karen Jacobs (#2881)<br>Mirco J. Haag (#6165)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899<br>(302) 658-9200<br>kjacobs@mnat.com<br>mhaag@mnat.com</td></tr>
<tr><td>OF COUNSEL:</td><td><i>Attorneys for Defendants</i></td></tr>
</table>

Bryan G. Harrison
Locke Lord LLP
Terminus 200
3333 Piedmont Road NE, Suite 1200
Atlanta, GA 30305
(404) 870-4629

June 23, 2016

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ......................................................................................................... ii

I.   PRELIMINARY STATEMENT ........................................................................................ 1

II.   ARGUMENT ...................................................................................................................... 1

   A.   Plaintiffs Concede That This Court Does Not Have General Personal Jurisdiction Over Defendants. ................................................................................ 2

   B.   Plaintiffs Fail To Establish This Court's Specific Jurisdiction Over Each Defendant For Each Patent. ...................................................................................... 2

   C.   Plaintiffs' Request for Jurisdictional Discovery Should Be Denied. ....................... 7

   D.   Plaintiffs' Arguments Regarding Fed. R. Civ. P. 4(k)(2) Are Inapposite. .............. 9

CONCLUSION ............................................................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Applied Biosystems, Inc. v. Cruachem, Ltd.*,
   772 F. Supp. 1458 (D. Del.1991) ................................................................................................5

*Asahi Metal Indus. Co., Ltd. V. Super. Ct. of Cal., Solano Cnty*,
   480 U.S. 102 (1987) ................................................................................................................4, 7

*C.R. Bard, Inc. v. Guidant Corp.*,
   997 F. Supp. 556 (D. Del. 1998) .................................................................................................5

*Eurofins Pharma. US Holdings v. BioAlliance Pharma SA*,
   623 F.3d 147 (3d Cir. 2010) ........................................................................................................8

*Graphics Props. Holdings, Inc. v. ASUS Computer Int'l*,
   70 F. Supp. 3d 654 (D. Del. 2014) ........................................................................................... 3-4

*Hansen v. Neumueller GmbH*,
   163 F.R.D. 471 (D. Del. 1995) ....................................................................................................8

*J. McIntyre Machinery, Ltd v. Nicastro*,
   564 U.S. 873 (2011) ........................................................................................................... passim

*Massachusetts Sch. of Law at Andover v. American Bar Ass'n*,
   107 F.3d 1026 (3d Cir. 1997) ......................................................................................................8

*McQueen v. Union Carbide Corp.*,
   2014 WL 6809811 (D. Del. Dec. 3, 2014) ..................................................................................6

*Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*,
   960 F.2d 1217 (3d Cir. 1992) ......................................................................................................8

*Mobil Oil Corp. v. Linear Films, Inc.*,
   718 F. Supp. 260 (D. Del. 1989) .................................................................................................6

*Polar Electro Oy v. Suunto Oy*,
   2015 WL 2248439 (D. Del. May 12, 2015) ...................................................................... 3, 5, 7-8

*Toys "R" Us, Inc. v. Step Two, S.A.*,
   318 F.3d 446 (3d Cir. 2003) ........................................................................................................8

**Rules and Statutes**

Fed. R. Civ. P. 4(k)(2) ......................................................................................................................9

## I.   PRELIMINARY STATEMENT

Despite their post-hoc attempts to manufacture personal jurisdiction, Plaintiffs have at best identified a single sale that they themselves initiated of a single accused product that resulted in that product's delivery to their counsel in Delaware.  Based upon this single sale, and an interpretation of the "stream of commerce" theory rejected by the Supreme Court and this Court, Plaintiffs contend that this Court has personal jurisdiction not only over Double Power Technology, Inc. ("Double Power")—the defendant that shipped the single product to Plaintiffs' counsel in Delaware—but also over Zowee Marketing Co., Ltd. ("Zowee Marketing"), who does not manufacture, distribute or sell any of the accused products,[1] and Shenzhen Zowee Technology Co., Ltd. ("Shenzhen Zowee"), the Chinese manufacturer of certain of the accused products.

A proper review of personal jurisdiction based on current jurisprudence, conducted on a defendant-by-defendant basis, establishes that this Court does not have personal jurisdiction over any of the Defendants.

## II.   ARGUMENT

The Amended Complaint should be dismissed because none of the Defendants are subject to personal jurisdiction in Delaware. In their Motion, Defendants noted that Plaintiffs must establish personal jurisdiction for each of the patents-in-suit with respect to each Defendant. Plaintiffs' response to the Motion initially recognizes this burden, but then utterly ignores the requisite analysis, seeking to treat the Defendants as an amorphous single entity whose conduct has infringed an equally amorphous asserted patent family.  As shown below, Plaintiffs have not

---

[1]   Plaintiffs' sole argument appears to be that because Zowee Marketing owns certain trademarks related to the Accused Products, Plaintiffs should be entitled to jurisdictional discovery.

made the requisite showing as to any Defendant.

    A.    Plaintiffs Concede That This Court Does Not Have General Personal Jurisdiction Over Defendants.

The Motion established that this Court did not have general jurisdiction over Defendants. In their Opposition, Plaintiffs implicitly agree, arguing only that the Court has specific jurisdiction over Defendants.

    B.    Plaintiffs Fail To Establish This Court's Specific Jurisdiction Over Each Defendant For Each Patent.

To supports their claim for specific jurisdiction over each Defendant, Plaintiffs contend that personal jurisdiction is proper in Delaware because Defendants, as an amorphous unit, purportedly place the Accused Products into the stream of commerce through general distribution channels without excluding Delaware from those channels. In particular, Plaintiffs argue that Defendants, by merely placing the Accused Products sold by Double Power into established distribution channels that could result in the sale of those products by distributors to customers in Delaware, without anything more, suffices to subject Defendants to personal jurisdiction in Delaware.

The United States Supreme Court expressly rejected this theory in *J. McIntyre Machinery, Ltd v. Nicastro*, 564 U.S. 873 (2011). There, a plurality held that merely placing a product into the "stream of commerce," even with an expectation that it might reach a customer in a particular jurisdiction, is insufficient, absent intentional conduct by the defendant targeting the citizens of a particular forum (by, *e.g.*, sales or advertising there), for a state to exercise jurisdiction over that defendant. *Id.*

In *McIntyre*, the plaintiff was injured by a machine, which had been manufactured by the defendant in England. The plaintiff instituted a products liability action in state court in New Jersey, where he was injured. *Id*. at 878. A U.S. distributor sold the defendant's machines in the

U.S., and the defendant had sent representatives to trade shows in the U.S., but not specifically to New Jersey. The New Jersey court found personal jurisdiction because McIntyre "knew or reasonably should have known 'that its products are distributed through a nationwide distribution system that might lead to those products being sold in any of the fifty states,'" and because it failed to take steps to "prevent the distribution of its products" in that state. *Id*.

The Supreme Court reversed, reasoning that "[t]he defendant's transmission of goods permits the exercise of jurisdiction only where the defendant can be said to have targeted the forum; as a general rule, it is not enough that the defendant might have predicted that its good will reach the forum State." *Id*. at 881-82. Rather, the Court held, "it is the defendant's actions, not his expectations, that empower a State's courts to subject him to judgment." *Id*. at 882. Moreover, the Court noted that while there might be policy reasons militating in favor of finding personal jurisdiction, "the Constitution commands restraint before discarding liberty in the name of expediency." *Id*. at 887.

Further, as this Court has explained in applying *McIntyre:*

> Although the plurality is not binding precedent, together with Justice Breyer's concurrence, *McIntyre* confirms that releasing a product into the stream of commerce without "something more," cannot furnish a basis to exercise jurisdiction.

*Polar Electro Oy v. Suunto Oy*, 2015 WL 2248439 *5 (D. Del. May 12, 2015) (cits. omitted).

Here, Plaintiffs have not—and cannot—establish the requisite "something more" to establish personal jurisdiction over Zowee Marketing, Shenzhen Zowee, or Double Power.

Rather than applying this precedent, Plaintiffs instead encourage this Court to disregard its own decision in *Polar Electro Oy* and instead apply Chief Judge Stark's opinion in *Graphics Props. Holdings, Inc. v. ASUS Computer Int'l,* 70 F. Supp. 3d 654 (D. Del. 2014), without any explanation why it should do so. But Plaintiffs would fail either standard, as *Graphics Props.*

- 3 -

also requires "additional conduct . . . [to] indicate an intent or purpose to serve the market of the forum State," 70 F. Supp. 3d at 664 (citing *Asahi Metal Indus. Co., Ltd. V. Super. Ct. of Cal., Solano Cnty,* 480 U.S. 102, 112 (1987)), which Plaintiffs do not allege here.

        1.      Plaintiffs Cannot Establish Specific Jurisdiction Over Zowee Marketing.

It is beyond purview that this Court does not have specific jurisdiction over Zowee Marketing. As set forth in the Motion, Zowee Marketing plays no role in the manufacture or distribution of the Accused Products. (D.I. 18, at 6; D.I. 20, at 1-2). Although Plaintiffs generally argue that "Defendants" are subject to specific jurisdiction, Plaintiffs provide no facts or analysis in their Opposition that the Delaware Long Arm Statute confers jurisdiction over Zowee Marketing, (D.I. 31, at 11-14), or that Zowee Marketing has sufficient minimum contacts to satisfy due process, (D.I. 31, at 14-16). These failures are fatal to Plaintiffs' assertion of personal jurisdiction over Zowee Marketing.

Indeed, the only passing reference to Zowee Marketing is Plaintiffs' assertion that it owns two trademarks that are utilized in conjunction with certain of the Accused Products and that it owns Double Power. Plaintiffs fail, however, to explain how the mere ownership of trademarks can meet the *McIntyre* stream of commerce plus something more requirement or how Zowee Marketing's ownership of Double Power suffices to confer specific personal jurisdiction where Zowee Marketing plays no part whatsoever in the manufacture, distribution or sale of the Accused Products—let alone any role in such activities that target Delaware.

Given Defendants' unrebutted evidence that Zowee Marketing plays no role whatsoever in the placement of the Accused Products into the stream of commerce, it is clear that this Court does not have jurisdiction over Zowee Marketing and the Amended Complaint should be dismissed as to Zowee Marketing.

2.      Plaintiffs Cannot Establish Specific Jurisdiction Over Shenzhen Zowee.

Like Zowee Marketing, this Court does not have specific jurisdiction over Shenzhen Zowee. It is undisputed that Shenzhen Zowee manufactures certain of the Accused Products in China and sells those products outside of the U.S. to a third party and those products are ultimately sold to Double Power in California. Plaintiffs' arguments appear to rely upon Double Power's placing the Accused Products it sells into the stream of commerce in the United States. Thus, Plaintiffs' sole basis to support the exercise of personal jurisdiction over Shenzhen Zowee is the stream of commerce argument that has been rejected by the Supreme Court in *McIntyre* and by this Court in its analysis of similar issues in *Polar Electro Oy*.

Here, as in *McIntyre* and *Polar Electro Oy*, there are absolutely no facts from which the Court could determine that Shenzhen Zowee's conduct manifests anything more than a general intention for its products to be sold by Double Power throughout the United States—with no focus upon any particular state, including Delaware. As this Court instructed in *Polar Electro Oy*, "McIntyre precludes finding specific jurisdiction on this basis." (D.I. #75, pp. 10-11). Further, Plaintiffs' arguments attributing Double Power's sales to Shenzhen Zowee may prevail only upon a showing that Double Power is either the alter ego or agent of Shenzhen Zowee, neither of which Plaintiffs have even attempted to establish.

a.      Double Power Is Not Shenzhen Zowee's Mere Agent.

A Delaware court may exercise jurisdiction over a parent based upon the contacts that a subsidiary has with this forum "where the subsidiary acts on the parent's behalf or at the parent's direction." *C.R. Bard, Inc. v. Guidant Corp.*, 997 F. Supp. 556, 560 (D. Del. 1998). Among the factors for determining whether an agency relationship exists are: "[1] the extent of overlap of officers and directors, [2] methods of financing, [3] the division of responsibility for day-to-day management, and [4] the process by which each corporation obtains its business." *Applied*

*Biosystems, Inc. v. Cruachem, Ltd.*, 772 F. Supp. 1458, 1463 (D. Del.1991). Rather than coming forward with facts to support personal jurisdiction under an agency theory, Plaintiffs concede they have no factual basis to assert agency and simply speculate that they will be able to establish such facts through jurisdictional discovery. As explained later, Plaintiffs have failed to meet their burden to set forth specific facts that establish a right to jurisdictional discovery and, instead, simply wish to engage in an improper fishing expedition on the flawed assumption that they will discover some facts that could support an agency theory.

      b.  <u>Double Power Is Not Shenzhen Zowee's Alter Ego.</u>

  Under the alter ego theory, a court may attribute the actions of a subsidiary to its parent and ignore corporate boundaries if the court finds that the subsidiary is a mere "alter ego" of the parent. *See Mobil Oil Corp. v. Linear Films, Inc.*, 718 F. Supp. 260, 266 (D. Del. 1989). In Delaware, to reach a parent corporation under the alter ego theory, the party asserting jurisdiction must establish some fraud, injustice, or inequity in the use of the corporate form. *Mobil Oil*, 718 F. Supp. at 266 (explaining that the alter ego theory may apply where "there is a lack of attention to corporate formalities"). *See also McQueen v. Union Carbide Corp.*, 2014 WL 6809811 (D. Del. Dec. 3, 2014) (same).

  Here, Plaintiffs have not even tried to—and cannot—set forth any facts that support a contention that fraud, injustice or inequity arises by virtue of the recognition that Double Power and Shenzhen Zowee are separate corporations. Again, as with their agency claim, Plaintiffs wish to engage in a fishing expedition of jurisdictional discovery based solely upon Plaintiffs' speculation that facts may be uncovered to support their theory.

  It thus is clear that this Court does not have personal jurisdiction over Shenzhen Zowee and the Amended Complaint should be dismissed as to Shenzhen Zowee .

3.   Plaintiffs Cannot Establish Specific Jurisdiction Over Double Power.

In an effort to manufacture personal jurisdiction over Double Power, Plaintiffs' Delaware counsel engaged in what can only be characterized as a "shopping spree" in an effort to purchase an Accused Product in Delaware.  The results of this endeavor are telling—Plaintiffs allege only a single purchase of a single Accused Product for which Double Power engaged in any conduct related to Delaware.[2]  In that purchase, Plaintiffs' counsel ordered a single Accused Product from Double Power's website and had it shipped to his office in Delaware.  Such a single sale, however, is insufficient to establish personal jurisdiction.  As Justice Breyer noted in his concurring opinion in *McIntyre*, "[n]one of our precedents finds that a single isolated sale, even if accompanied by the kind of sales effort indicated here, is sufficient" to convey jurisdiction to New Jersey state courts. *McIntyre*, 564 U.S. at 888 (finding a single sale by a British firm in New Jersey insufficient for jurisdiction in a product liability case).  *Accord Asahi Metal Indus. Co. v. Superior Ct. of Cal., Solano Cty.*, 480 U.S. 102, 111 (1987) (single sale of a product in a state does not constitute adequate basis for jurisdiction); *Polar Electro Oy*, 2015 WL 2248439, at *5 (eight sales not sufficient).

Thus, Plaintiffs' efforts to manufacture personal jurisdiction against Double Power likewise should be rejected.

C.   Plaintiffs' Request for Jurisdictional Discovery Should Be Denied.

Plaintiffs have requested open-ended jurisdictional discovery that is not warranted in this case.  Plaintiffs have not stated any specific facts that jurisdictional discovery allegedly will

---

[2]   Plaintiffs' efforts to manufacture personal jurisdiction based upon their counsel's purchasing of Accused Products through national retail chains and national online sellers are unavailing. These actions only establish that the Accused Products "ended up in Delaware"—not that Double Power undertook any action that caused such products to be specifically present in this jurisdiction.  Accordingly, these efforts fail to establish the "something more" required to find personal jurisdiction.

uncover. Rather, Plaintiffs speculate about uncovering sales transactions, shipments, revenue and other contacts with Delaware—all of which are directly rebutted by the declarations submitted by Defendants in support of the motion, and none of which even if true, would suffice for the exercise of personal jurisdiction under *McIntyre* and *Polar Electro Oy*. Plaintiffs have come forward with no facts that rebut these declarations.

Plaintiffs apparently misapprehend the test for such discovery, not even contending that they have established a "prima facie" showing. The Court in *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) specifically limited the availability of jurisdictional discovery as follows:

> If a plaintiff presents factual allegations that suggest "with reasonable particularity" the possible existence of the requisite "contacts between [the party] and the forum state," *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992), the plaintiff's right to conduct jurisdictional discovery should be sustained.

In *Toys "R" Us*, the record before the district court contained sufficient non-frivolous assertions and admissions to support the request for discovery. In other words, the plaintiff, unlike Plaintiffs here, had met its obligation to establish a prima facie case.

A court should not permit jurisdictional discovery as a matter of course; before allowing jurisdictional discovery to proceed, "[t]he court must be satisfied that there is some indication that th[e] particular defendant is amenable to suit in th[e] forum." *Hansen v. Neumueller GmbH*, 163 F.R.D. 471, 475 (D. Del. 1995). If a plaintiff does not come forward with "some competent evidence" that personal jurisdiction over the defendant might exist, a court should not permit jurisdictional discovery to proceed. *Hansen*, 163 F.R.D. at 475 (emphasis in original). Put another way, a plaintiff may not undertake a "fishing expedition based only upon bare allegations, under the guise of jurisdictional discovery." *Eurofins Pharma. US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 157 (3d Cir. 2010); *see also Massachusetts Sch. of Law*

*at Andover v. American Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997) (a mere "unsupported allegation" that the prerequisites for personal jurisdiction have been met would amount to a "clearly frivolous" claim, and would not warrant the grant of jurisdictional discovery).

Given the foregoing, Plaintiffs' request for jurisdictional discovery is nothing more than a fishing expedition based upon bare allegations and should be denied.

D.   Plaintiffs' Arguments Regarding Fed. R. Civ. P. 4(k)(2) Are Inapposite.

In a last-ditch effort, Plaintiffs argue that the Court should exercise jurisdiction under Fed. R. Civ. P. 4(k)(2) because "Defendants seemingly argue that" no forum exists that would have personal jurisdiction over Shenzhen Zowee and Zowee Marketing.  Defendants have made no such arguments and Plaintiffs' speculation regarding Defendants' contentions as to jurisdiction are misplaced and misleading.

In any event, to the extent that the exercise of personal jurisdiction over the foreign defendants in the United States were proper, all Defendants in this action would consent to personal jurisdiction for purposes of the claims asserted herein in the United States District Court for the Central District of California—where Double Power's principal place of business and warehousing facilities into which it receives the Accused Products it sells and from which it ships those Accused Products are located.

## CONCLUSION

For the foregoing reasons, Double Power, Shenzhen Zowee, and Zowee Marketing respectfully request that the Court dismiss the Amended Complaint.

|  |  |
|---|---|
| | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| | */s/ Karen Jacobs* |
| | _____ |
| | Karen Jacobs (#2881) |
| | Mirco J. Haag (#6165) |
| | 1201 North Market Street |
| | P.O. Box 1347 |
| | Wilmington, DE  19899 |
| | (302) 658-9200 |
| OF COUNSEL: | kjacobs@mnat.com |
| | mhaag@mnat.com |
| Bryan G. Harrison | *Attorneys for Defendants* |
| LOCKE LORD LLP | |
| Terminus 200 | |
| 3333 Piedmont Road NE, Suite 1200 | |
| Atlanta, GA 30305 | |
| (404) 870-4629 | |
| | |
| June 23, 2016 | |

# **CERTIFICATE OF SERVICE**

I hereby certify that on June 23, 2016, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on June 23, 2016, upon the following in the manner indicated:

| | |
|---|---|
| Michael P. Kelly<br>Daniel M. Silver<br>Benjamin A. Smyth<br>MCCARTER & ENGLISH, LLP<br>Renaissance Centre<br>405 N. King Street, 8th Floor<br>Wilmington, DE  19801<br><br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |
| Michael P. Sandonato<br>John D. Carlin<br>FITZPATRICK, CELLA, HARPER &<br> SCINTO<br>1290 Avenue of the Americas<br>New York, NY  10104-3800<br><br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |

*/s/ Karen Jacobs*

---
Karen Jacobs (#2881)