**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

KONINKLIJKE PHILIPS N.V.,
U.S. PHILIPS CORPORATION,.

Plaintiffs,

v.

DOUBLE POWER TECHNOLOGY, INC.,
ZOWEE MARKETING CO., LTD.,
SHENZEN ZOWEE TECHNOLOGY CO., LTD.,

Defendants.

MICROSOFT CORPORATION,

Intervenor-Plaintiff,

v.

KONINKLIJKE PHILIPS N.V.,
U.S. PHILIPS CORPORATION,

Intervenor-Defendants.

KONINKLIJKE PHILIPS N.V.,
U.S. PHILIPS CORPORATION,.

Intervenor-Defendants/Counterclaim Plaintiffs in Intervention,

v.

MICROSOFT CORPORATION,
Intervenor-Plaintiff/Counterclaim Defendant in Intervention,

AND

MICROSOFT MOBILE OY
Counterclaim Defendant in Intervention.

C.A. No. 15-1130-GMS

JURY TRIAL DEMANDED

**MICROSOFT CORPORATION'S REPLY TO COUNTERCLAIMS AND AFFIRMATIVE DEFENSES**

Intervenor-Plaintiff and Counterclaim-Defendant in Intervention Microsoft Corporation ("Microsoft"), by and through its undersigned counsel, responds to the Counterclaims filed by Plaintiffs and Intervenor-Defendants Koninklijke Philips N.V. and U.S. Philips Corporation (collectively, "Philips") as follows:

**Nature of the Action**

1. Microsoft admits that the Counterclaim purports to assert a claim for patent infringement under 35 U.S.C. **§** 271, *et seq*., but denies that the claim asserted against Microsoft has any merit.

**The Parties**

2. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Counterclaim and therefore denies them.

3. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Counterclaim and therefore denies them.

4. Microsoft admits that it is a corporation organized and existing under the laws of the State of Washington and that its principal place of business is located at One Microsoft Way, Redmond, Washington 98052. Microsoft further admits that Microsoft Mobile Oy is a corporation organized and existing under the laws of Finland, with a principal place of business located at Keilalahdentie 2-4, Espoo 02150, Finland, and that Microsoft Mobile Oy is a subsidiary of Microsoft.

5. Microsoft admits that it designs, offers for sale, and sells certain devices that Philips has accused of infringement in this matter, but denies that there is any basis for Philips'

infringement allegations. Microsoft denies the remaining allegations of paragraph 5 of the Counterclaim.

**Jurisdiction and Venue**

6. Microsoft admits that the Counterclaim purports to assert claims for patent infringement under the United States patent laws, pursuant to Title 35 of the United States Code, but denies that it is liable for patent infringement under these laws. Microsoft admits that this Court has subject matter jurisdiction in this case.

7. Microsoft does not dispute that this Court has personal jurisdiction over Microsoft for purposes of this particular action only.

8. Microsoft denies the allegations of paragraph 8 of the Counterclaim.

9. Microsoft admits that certain products identified in paragraph 9 of the Counterclaim have been sold or offered for sale through Microsoft's online store, but denies that any of these products contain functionality covered by any claim of the patents-in-suit. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Counterclaim that relate to actions of third parties, and therefore denies them. Microsoft denies the remaining allegations of paragraph 9 of the Counterclaim.

10. Microsoft denies the allegations of paragraph 10 of the Counterclaim.

11. Microsoft admits that it maintains distribution channels within the United States that enable it to ship certain products identified in paragraph 9 of the Counterclaim to the state of Delaware, but denies that any of these products contain functionality covered by any claim of the patents-in-suit. Microsoft denies the remaining allegations of paragraph 11 of the Counterclaim.

12. Microsoft denies the allegations of paragraph 12 of the Counterclaim.

13. Microsoft denies the allegations of paragraph 13 of the Counterclaim.

14. Microsoft denies that venue is proper in this District.

**Patents-in-Suit**

15. Microsoft admits that U.S. Patent No. RE 44,913 is entitled "Text entry method and device therefor," and identifies May 27, 2014 as the issue date. Microsoft admits that Exhibit 1 appears to be a copy of the '913 patent. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 15 of the Counterclaim, and on that basis denies them.

16. Microsoft admits that U.S. Patent No. 6,690,387 is entitled "Touch-screen image scrolling system and method," and identifies February 10, 2004 as the issue date. Microsoft admits that Exhibit 2 appears to be a copy of the '387 patent. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 16 of the Counterclaim, and on that basis denies them.

17. Microsoft admits that U.S. Patent No. 7,184,064 is entitled "Touch-screen image scrolling system and method," and identifies February 27, 2007 as the issue date. Microsoft admits that Exhibit 3 appears to be a copy of the '064 patent. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 17 of the Counterclaim, and on that basis denies them.

18. Microsoft admits that U.S. Patent No. 7,529,806 is entitled "Partitioning of MP3 content file for emulating streaming," and identifies May 5, 2009 as the issue date. Microsoft admits that Exhibit 4 appears to be a copy of the '806 patent. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 18 of the Counterclaim, and on that basis denies them.

19. Microsoft admits that U.S. Patent No. 5,910,797 is entitled "Portable data processing apparatus provided with a screen and a gravitation-controlled sensor for screen orientation," and identifies June 8, 1999 as the issue date. Microsoft admits that Exhibit 5 appears to be a copy of the '797 patent. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 19 of the Counterclaim, and on that basis denies them.

20. Microsoft admits that U.S. Patent No. 6,522,695 is entitled "Transmitting device for transmitting a digital information signal alternately in encoded form and non-encoded form," and identifies February 18, 2003 as the issue date. Microsoft admits that Exhibit 6 appears to be a copy of the '695 patent. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 20 of the Counterclaim, and on that basis denies them.

21. Microsoft admits that U.S. Patent No. 8,543,819 is entitled "Secure authenticated distance measurement," and identifies September 24, 2013 as the issue date. Microsoft admits that Exhibit 7 appears to be a copy of the '819 patent. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 21 of the Counterclaim, and on that basis denies them.

22. Microsoft admits that U.S. Patent No. 9,436,809 is entitled "Secure authenticated distance measurement," and identifies September 6, 2016 as the issue date. Microsoft admits that Exhibit 8 appears to be a copy of the '809 patent. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 22 of the Counterclaim, and on that basis denies them.

23. Microsoft admits that U.S. Patent No. RE 43,564 is entitled "Hand-held with

auto-zoom for graphical display of web page," and identifies on its face August 7, 2012 as the issue date. Microsoft admits that Exhibit 9 appears to be a copy of the '564 patent. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 23 of the Counterclaim, and on that basis denies them.

**Factual Background**

24. To the extent a response to paragraph 24 of the Counterclaim is required, Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

**No Notice to Counterclaim Defendant**

25. Microsoft admits that it engaged in limited discussions with Philips relating to Philips' intellectual property. Microsoft denies that these discussions were extensive and further denies that it is well-aware of Philips' "Touch-Enabled Devices patent portfolio," as that phrase is used in paragraph 25 of the Counterclaim. Microsoft denies the remaining allegations in paragraph 25 of the Counterclaim.

26. Microsoft admits that it was aware of the '913 patent in advance of the filing of the Counterclaim, but denies that it was aware of Philips' specific infringement allegations towards Microsoft until Philips served its infringement contentions in this case on December 9, 2016. Microsoft further denies that it infringes or has infringed the '913 patent and that Philips' infringement allegations have any basis. Microsoft denies the remaining allegations of paragraph 26 of the Counterclaim.

27. Microsoft admits that it was aware of the '387 patent in advance of the filing of the Counterclaim, but denies that it was aware of Philips' specific infringement allegations towards Microsoft until Philips served its infringement contentions in this case on December 9,

2016. Microsoft further denies that it infringes or has infringed the ’387 patent and that Philips’ infringement allegations have any basis. Microsoft denies the remaining allegations of paragraph 27 of the Counterclaim.

28. Microsoft admits that it was aware of the ’064 patent in advance of the filing of the Counterclaim, but denies that it was aware of Philips’ specific infringement allegations towards Microsoft until Philips served its infringement contentions in this case on December 9, 2016. Microsoft further denies that it infringes or has infringed the ’064 patent and that Philips’ infringement allegations have any basis. Microsoft denies the remaining allegations of paragraph 28 of the Counterclaim.

29. Microsoft admits that it was aware of the ’806 patent in advance of the filing of the Counterclaim, but denies that it was aware of Philips’ infringement allegations towards Microsoft until Philips served its infringement contentions in this case on December 9, 2016. Microsoft further denies that it infringes or has infringed the ’806 patent and that Philips’ infringement allegations have any basis. Microsoft denies the remaining allegations of paragraph 29 of the Counterclaim.

30. Microsoft admits that it was aware of the ’797 patent in advance of the filing of the Counterclaim, but denies that it was aware of Philips’ infringement allegations towards Microsoft regarding the ’797 patent until Philips served its infringement contentions in this case on December 9, 2016. Microsoft further denies that it infringes or has infringed the ’797 patent and that Philips’ infringement allegations have any basis. Microsoft denies the remaining allegations of paragraph 30 of the Counterclaim.

31. Microsoft admits that it was aware of the ’695 patent in advance of the filing of the Counterclaim, but denies that it was aware of Philips’ infringement allegations towards

Microsoft regarding the ’695 patent until Philips served its infringement contentions in this case on December 9, 2016. Microsoft further denies that it infringes or has infringed the ’695 patent and that Philips’ infringement allegations have any basis. Microsoft denies the remaining allegations of paragraph 31 of the Counterclaim.

32. Microsoft admits that it was aware of the ’819 patent in advance of the filing of the Counterclaim, but denies that it was aware of Philips’ infringement allegations towards Microsoft until Philips served its infringement contentions in this case on December 9, 2016. Microsoft further denies that it infringes or has infringed the ’819 patent and that Philips’ infringement allegations have any basis. Microsoft denies the remaining allegations of paragraph 32 of the Counterclaim.

33. Microsoft admits that it was aware of the ’809 patent in advance of the filing of the Counterclaim, but denies that it was aware of Philips’ infringement allegations towards Microsoft until Philips served its infringement contentions in this case on December 9, 2016. Microsoft further denies that it infringes or has infringed the ’809 patent and that Philips’ infringement allegations have any basis. Microsoft denies the remaining allegations of paragraph 33 of the Counterclaim.

34. Microsoft admits that it was aware of the ’564 patent in advance of the filing of the Counterclaim, but denies that it was aware of Philips’ specific infringement allegations towards Microsoft until Philips served its infringement contentions in this case on December 9, 2016. Microsoft further denies that it infringes or has infringed the ’564 patent and that Philips’ infringement allegations have any basis. Microsoft denies the remaining allegations of paragraph 34 of the Counterclaim.

**First Cause of Action: No Infringement of U.S. Patent No. RE 44,913**

35. Microsoft references and incorporates by reference its responses in each of the preceding paragraphs 1-34 as though fully set forth here.

36. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 of the Counterclaim, and therefore denies them.

37. To the extent paragraph 37 of the Counterclaim contains any allegations directed against Microsoft or to which a response is required, Microsoft denies the allegations.

38. To the extent paragraph 38 of the Counterclaim contains any allegations directed against Microsoft or to which a response is required, Microsoft denies the allegations.

39. Microsoft denies the allegations of paragraph 39 of the Counterclaim.

40. Microsoft denies the allegations of paragraph 40 of the Counterclaim.

41. Microsoft admits that the Microsoft Surface Pro 4 is a tablet that runs the Windows 10 operating system and that the Microsoft Lumia 650 is a smartphone that runs the Windows 10 Mobile operating system, but denies that either device infringes any claim of the ’913 patent. Microsoft denies the remaining allegations in paragraph 41 of the Counterclaim.

42. Microsoft references and incorporates by reference its response in paragraph 41, as though fully set forth here. Microsoft denies the allegations of paragraph 42 of the Counterclaim.

43. Microsoft denies the allegations of paragraph 43 of the Counterclaim.

44. Microsoft denies the allegations of paragraph 44 of the Counterclaim.

45. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 of the Counterclaim that relate to actions of third

parties, and therefore denies them. Microsoft denies the remaining allegations of paragraph 45 of the Counterclaim.

46. Microsoft denies the allegations of paragraph 46 of the Counterclaim.

47. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47 of the Counterclaim that relate to actions of third parties, and therefore denies them. Microsoft denies the remaining allegations of paragraph 47 of the Counterclaim.

48. Microsoft denies the allegations of paragraph 48 of the Counterclaim.

49. Microsoft denies the allegations of paragraph 49 of the Counterclaim.

50. Microsoft denies the allegations of paragraph 50 of the Counterclaim.

51. Microsoft denies the allegations of paragraph 51 of the Counterclaim.

52. Microsoft denies the allegations of paragraph 52 of the Counterclaim.

53. Microsoft denies the allegations of paragraph 53 of the Counterclaim.

54. Microsoft denies the allegations of paragraph 54 of the Counterclaim.

55. Microsoft denies the allegations of paragraph 55 of the Counterclaim.

56. Microsoft references and incorporates by reference its response in paragraph 26, as though fully set forth here. Microsoft denies the remaining allegations of paragraph 56 of the Counterclaim.

**Second Cause of Action: No Infringement of U.S. Patent No. 6,690,387**

57. Microsoft references and incorporates by reference its responses in each of paragraphs 1 through 34 as though fully set forth here.

58. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58 of the Counterclaim, and therefore denies them.

59. To the extent paragraph 59 of the Counterclaim contains any allegations directed against Microsoft or to which a response is required, Microsoft denies the allegations.

60. To the extent paragraph 60 of the Counterclaim contains any allegations directed against Microsoft or to which a response is required, Microsoft denies the allegations.

61. To the extent paragraph 61 of the Counterclaim contains any allegations directed against Microsoft or to which a response is required, Microsoft denies the allegations.

62. Microsoft denies the allegations of paragraph 62 of the Counterclaim.

63. Microsoft admits that the Microsoft Surface Pro 4 is a tablet that runs the Windows 10 operating system and that the Microsoft Lumia 650 is a smartphone that runs the Windows 10 Mobile operating system, but denies that either device infringes any claim of the ’387 patent. Microsoft denies the remaining allegations in paragraph 63 of the Counterclaim.

64. Microsoft admits that the Microsoft Surface Pro 4 and the Microsoft Lumia 650 have a touch screen. Microsoft denies the remaining allegations of paragraph 64 of the Counterclaim.

65. Microsoft denies the allegations of paragraph 65 of the Counterclaim.

66. Microsoft denies the allegations of paragraph 66 of the Counterclaim.

67. Microsoft denies the allegations of paragraph 67 of the Counterclaim.

68. Microsoft denies the allegations of paragraph 68 of the Counterclaim.

69. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 69 of the Counterclaim that relate to actions of third parties, and therefore denies them. Microsoft denies the remaining allegations of paragraph 69 of the Counterclaim.

70. Microsoft references and incorporates by reference its response in paragraph 27, as though fully set forth here. Microsoft denies the remaining allegations of paragraph 70 of the Counterclaim.

71. Microsoft denies the allegations of paragraph 71 of the Counterclaim.

72. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 72 of the Counterclaim that relate to actions of third parties, and therefore denies them. Microsoft denies the remaining allegations of paragraph 72 of the Counterclaim.

73. Microsoft denies the allegations of paragraph 73 of the Counterclaim.

74. Microsoft denies the allegations of paragraph 74 of the Counterclaim.

75. Microsoft references and incorporates by reference its response in paragraph 27, as though fully set forth here. Microsoft denies the remaining allegations of paragraph 75 of the Counterclaim.

**Third Cause of Action: No Infringement of U.S. Patent No. 7,184,064**

76. Microsoft references and incorporates by reference its responses in each of paragraphs 1 through 34 as though fully set forth here.

77. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 77 of the Counterclaim, and therefore denies them.

78. To the extent paragraph 78 of the Counterclaim contains any allegations directed against Microsoft or to which a response is required, Microsoft denies the allegations.

79. To the extent paragraph 79 of the Counterclaim contains any allegations directed against Microsoft or to which a response is required, Microsoft denies the allegations.

80. To the extent paragraph 80 of the Counterclaim contains any allegations directed against Microsoft or to which a response is required, Microsoft denies the allegations.

81. Microsoft denies the allegations of paragraph 81 of the Counterclaim.

82. Microsoft admits that the Microsoft Surface Pro 4 is a tablet that runs the Windows 10 operating system and that the Microsoft Lumia 650 is a smartphone that runs the Windows 10 Mobile operating system, but denies that either device infringes any claim of the ’064 patent. Microsoft denies the remaining allegations in paragraph 82 of the Counterclaim.

83. Microsoft admits that the Microsoft Surface Pro 4 and the Microsoft Lumia 650 have a touch screen and a processor. Microsoft denies the remaining allegations of paragraph 83 of the Counterclaim.

84. Microsoft denies the allegations of paragraph 84 of the Counterclaim.

85. Microsoft denies the allegations of paragraph 85 of the Counterclaim.

86. Microsoft denies the allegations of paragraph 86 of the Counterclaim.

87. Microsoft denies the allegations of paragraph 87 of the Counterclaim.

88. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 88 of the Counterclaim that relate to actions of third parties, and therefore denies them. Microsoft denies the remaining allegations of paragraph 88 of the Counterclaim.

89. Microsoft references and incorporates by reference its response in paragraph 28, as though fully set forth here. Microsoft denies the remaining allegations of paragraph 89 of the Counterclaim.

90. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 90 of the Counterclaim that relate to actions of third

parties, and therefore denies them. Microsoft denies the remaining allegations of paragraph 90 of the Counterclaim.

91. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 91 of the Counterclaim that relate to actions of third parties, and therefore denies them. Microsoft denies the remaining allegations of paragraph 91 of the Counterclaim.

92. Microsoft denies the allegations of paragraph 92 of the Counterclaim.

93. Microsoft denies the allegations of paragraph 93 of the Counterclaim.

94. Microsoft references and incorporates by reference its response in paragraph 28, as though fully set forth here. Microsoft denies the remaining allegations of paragraph 94 of the Counterclaim.

**Fourth Cause of Action: No Infringement of U.S. Patent No. 7,529,806**

95. Microsoft references and incorporates by reference its responses in each of paragraphs 1 through 34 as though fully set forth here.

96. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 96 of the Counterclaim, and therefore denies them.

97. To the extent paragraph 97 of the Counterclaim contains any allegations directed against Microsoft or to which a response is required, Microsoft denies the allegations.

98. To the extent paragraph 98 of the Counterclaim contains any allegations directed against Microsoft or to which a response is required, Microsoft denies the allegations.

99. Microsoft denies the allegations of paragraph 99 of the Counterclaim.

100. Microsoft denies the allegations of paragraph 100 of the Counterclaim.

101. Microsoft admits that the Microsoft Surface Pro 4 is a tablet that runs the Windows 10 operating system and that the Microsoft Lumia 650 is a smartphone that runs the Windows 10 Mobile operating system, but denies that either device infringes any claim of the ’806 patent. Microsoft denies the remaining allegations in paragraph 101 of the Counterclaim.

102. Microsoft references and incorporates by reference its response in paragraph 101, as though fully set forth here. Microsoft further admits that the Windows operating system has included features that provide support for certain aspects of HLS since version 10 and features that provide support for certain aspects of MPEG-DASH since version 8.1, but denies that any version of the Windows operating system infringes or has infringed any claim of the ’806 patent. Microsoft denies the remaining allegations of paragraph 102 of the Counterclaim.

103. Microsoft denies the allegations of paragraph 103 of the Counterclaim.

104. Microsoft denies the allegations of paragraph 104 of the Counterclaim.

105. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 105 of the Counterclaim that relate to actions of third parties, and therefore denies them. Microsoft denies the remaining allegations of paragraph 105 of the Counterclaim.

106. Microsoft references and incorporates by reference its response in paragraph 29, as though fully set forth here. Microsoft denies the remaining allegations of paragraph 106 of the Counterclaim.

107. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 107 of the Counterclaim that relate to actions of third parties, and therefore denies them. Microsoft denies the remaining allegations of paragraph 107 of the Counterclaim.

108. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 108 of the Counterclaim that relate to actions of third parties, and therefore denies them. Microsoft denies the remaining allegations of paragraph 108 of the Counterclaim.

109. Microsoft references and incorporates by reference its response in paragraph 29, as though fully set forth here. Microsoft denies the remaining allegations of paragraph 109 of the Counterclaim.

110. Microsoft denies the allegations of paragraph 110 of the Counterclaim.

111. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 111 of the Counterclaim that relate to actions of third parties, and therefore denies them. Microsoft denies the remaining allegations of paragraph 111 of the Counterclaim.

112. Microsoft denies the allegations of paragraph 112 of the Counterclaim.

113. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 113 of the Counterclaim that relate to actions of third parties, and therefore denies them. Microsoft denies the remaining allegations of paragraph 113 of the Counterclaim.

114. Microsoft denies the allegations of paragraph 114 of the Counterclaim.

115. Microsoft denies the allegations of paragraph 115 of the Counterclaim.

116. Microsoft references and incorporates by reference its response in paragraph 29, as though fully set forth here. Microsoft denies the remaining allegations of paragraph 116 of the Counterclaim.

**Fifth Cause of Action: No Infringement of U.S. Patent No. 5,910,797**

117. Microsoft references and incorporates by reference its responses in each of paragraphs 1 through 34 as though fully set forth here.

118. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 118, and therefore denies them.

119. To the extent paragraph 119 of the Counterclaim contains any allegations directed against Microsoft or to which a response is required, Microsoft denies the allegations.

120. Microsoft denies the allegations of paragraph 120 of the Counterclaim.

121. Microsoft admits that the Microsoft Lumia 650 runs the Windows 10 Mobile operating system, but denies that it infringes any claim of the ’797 patent. Microsoft denies the remaining allegations in paragraph 121 of the Counterclaim.

122. Microsoft admits that the Microsoft Lumia 650 has a processor and a display screen. Microsoft denies the remaining allegations of paragraph 122 of the Counterclaim.

123. Microsoft denies the allegations of paragraph 123 of the Counterclaim.

124. Microsoft denies the allegations of paragraph 124 of the Counterclaim.

125. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 125 of the Counterclaim that relate to actions of third parties, and therefore denies them. Microsoft denies the remaining allegations of paragraph 125 of the Counterclaim.

126. Microsoft references and incorporates by reference its response in paragraph 30, as though fully set forth here. Microsoft denies the remaining allegations of paragraph 126 of the Counterclaim.

127. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 127 of the Counterclaim that relate to actions of third parties, and therefore denies them. Microsoft denies the remaining allegations of paragraph 127 of the Counterclaim.

128. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 128 of the Counterclaim that relate to actions of third parties, and therefore denies them. Microsoft denies the remaining allegations of paragraph 128 of the Counterclaim.

129. Microsoft denies the allegations of paragraph 129 of the Counterclaim.

130. Microsoft denies the allegations of paragraph 130 of the Counterclaim.

131. Microsoft references and incorporates by reference its response in paragraph 30, as though fully set forth here. Microsoft denies the remaining allegations of paragraph 131 of the Counterclaim.

## Sixth Cause of Action: No Infringement of U.S. Patent No. 6,522,695

132. Microsoft references and incorporates by reference its responses in each of paragraphs 1 through 34 as though fully set forth here.

133. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 133 of the Counterclaim, and therefore denies them.

134. To the extent paragraph 134 of the Counterclaim contains any allegations directed against Microsoft or to which a response is required, Microsoft denies the allegations.

135. Microsoft denies the allegations of paragraph 135 of the Counterclaim.

136. Microsoft admits that the Microsoft Surface Pro 4 is a tablet that runs the Windows 10 operating system and that the Microsoft Lumia 650 is a smartphone that runs the

Windows 10 Mobile operating system, but denies that either device infringes any claim of the ’695 patent. Microsoft denies the remaining allegations in paragraph 136 of the Counterclaim.

137. Microsoft references and incorporates by reference its response in paragraph 136, as though fully set forth here. Microsoft further admits that the Microsoft Surface Pro 4 and Microsoft Lumia 650 include software that supports certain aspects of FLAC and can perform certain processing of FLAC-encoded audio signals, but denies that either the Microsoft Surface Pro 4 and Microsoft Lumia 650 infringes or has infringed any claim of the ’695 patent. Microsoft denies the remaining allegations of paragraph 137 of the Counterclaim.

138. Microsoft denies the allegations of paragraph 138 of the Counterclaim.

139. Microsoft denies the allegations of paragraph 139 of the Counterclaim.

140. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 140 of the Counterclaim that relate to actions of third parties, and therefore denies them. Microsoft denies the remaining allegations of paragraph 140 of the Counterclaim.

141. Microsoft references and incorporates by reference its response in paragraph 31, as though fully set forth here. Microsoft denies the remaining allegations of paragraph 141 of the Counterclaim.

142. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 142 of the Counterclaim that relate to actions of third parties, and therefore denies them. Microsoft denies the remaining allegations of paragraph 142 of the Counterclaim.

143. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 143 of the Counterclaim that relate to actions of

third parties, and therefore denies them. Microsoft denies the remaining allegations of paragraph 143 of the Counterclaim.

144. Microsoft denies the allegations of paragraph 144 of the Counterclaim.

145. Microsoft denies the allegations of paragraph 145 of the Counterclaim.

146. Microsoft references and incorporates by reference its response in paragraph 31, as though fully set forth here. Microsoft denies the remaining allegations of paragraph 146 of the Counterclaim.

**Seventh Cause of Action: No Infringement of U.S. Patent No. 8,543,819**

147. Microsoft references and incorporates by reference its responses in each of paragraphs 1 through 34 as though fully set forth here.

148. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 148 of the Counterclaim, and therefore denies them.

149. To the extent paragraph 149 of the Counterclaim contains any allegations directed against Microsoft or to which a response is required, Microsoft denies the allegations.

150. To the extent paragraph 150 of the Counterclaim contains any allegations directed against Microsoft or to which a response is required, Microsoft denies the allegations.

151. Microsoft denies the allegations of paragraph 151 of the Counterclaim.

152. Microsoft denies the allegations of paragraph 152 of the Counterclaim.

153. Microsoft admits the Xbox One S is a video game console, but denies that it infringes any claim of the ’819 patent. Microsoft denies the remaining allegations in paragraph 153 of the Counterclaim.

154. Microsoft admits that the Xbox One S supports certain aspects of HDCP Rev. 2.2, but denies that the Xbox One S infringes or has infringed any claim of the ’819 patent. Microsoft denies the remaining allegations of paragraph 154 of the Counterclaim.

155. Microsoft denies the allegations of paragraph 155 of the Counterclaim.

156. Microsoft denies the allegations of paragraph 156 of the Counterclaim.

157. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 157 of the Counterclaim that relate to actions of third parties, and therefore denies them. Microsoft denies the remaining allegations of paragraph 157 of the Counterclaim.

158. Microsoft references and incorporates by reference its response in paragraph 32, as though fully set forth here. Microsoft denies the remaining allegations of paragraph 158 of the Counterclaim.

159. Microsoft denies the allegations of paragraph 159 of the Counterclaim.

160. Microsoft denies the allegations of paragraph 160 of the Counterclaim.

161. Microsoft denies the allegations of paragraph 161 of the Counterclaim.

162. Microsoft admits that the Microsoft Surface Pro 4 runs the Windows 10 operating system, and that the Microsoft Lumia 650 runs the Windows 10 Mobile operating system, but denies that either device infringes any claim of the ’819 patent. Microsoft denies the remaining allegations in paragraph 163 of the Counterclaim.

163. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 163 of the Counterclaim that relate to actions of third parties, and therefore denies them. Further, Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 163 that relate to

the implementation of PlayReady and Windows Media DRM in third party devices, and therefore denies them. Microsoft admits that the Microsoft Surface Pro 4 and Microsoft Lumia 650 include software that supports certain aspects of PlayReady and Windows Media DRM by default, but denies that the Microsoft Surface Pro 4 and Microsoft Lumia 650 infringe or have infringed any claim of the '819 patent. Microsoft denies the remaining allegations of paragraph 163 of the Counterclaim.

164. Microsoft denies the allegations of paragraph 164 of the Counterclaim.

165. Microsoft denies the allegations of paragraph 165 of the Counterclaim.

166. Microsoft denies the allegations of paragraph 166 of the Counterclaim.

167. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 167 of the Counterclaim that relate to actions of third parties, and therefore denies them. Microsoft denies the remaining allegations of paragraph 167 of the Counterclaim.

168. Microsoft references and incorporates by reference its response in paragraph 32, as though fully set forth here. Microsoft denies the remaining allegations of paragraph 168 of the Counterclaim.

169. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 169 of the Counterclaim that relate to actions of third parties, and therefore denies them. Microsoft denies the remaining allegations of paragraph 169 of the Counterclaim.

170. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 170 of the Counterclaim that relate to actions of

third parties, and therefore denies them. Microsoft denies the remaining allegations of paragraph 170 of the Counterclaim.

171. Microsoft references and incorporates by reference its response in paragraph 32, as though fully set forth here. Microsoft denies the remaining allegations of paragraph 171 of the Counterclaim.

172. Microsoft denies the allegations of paragraph 172 of the Counterclaim.

173. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 173 of the Counterclaim that relate to actions of third parties, and therefore denies them. Microsoft denies the remaining allegations of paragraph 173 of the Counterclaim.

174. Microsoft denies the allegations of paragraph 174 of the Counterclaim.

175. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 175 of the Counterclaim that relate to actions of third parties, and therefore denies them. Microsoft denies the remaining allegations of paragraph 175 of the Counterclaim.

176. Microsoft denies the allegations of paragraph 176 of the Counterclaim.

177. Microsoft denies the allegations of paragraph 177 of the Counterclaim.

178. Microsoft references and incorporates by reference its response in paragraph 32, as though fully set forth here. Microsoft denies the remaining allegations of paragraph 178 of the Counterclaim.

**Eighth Cause of Action: No Infringement of U.S. Patent No. 9,436,809**

179. Microsoft references and incorporates by reference its responses in each of paragraphs 1 through 34 as though fully set forth here.

180. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 180 of the Counterclaim, and therefore denies them.

181. To the extent paragraph 181 of the Counterclaim contains any allegations directed against Microsoft or to which a response is required, Microsoft denies the allegations.

182. To the extent paragraph 182 of the Counterclaim contains any allegations directed against Microsoft or to which a response is required, Microsoft denies the allegations.

183. Microsoft denies the allegations of paragraph 183 of the Counterclaim.

184. Microsoft denies the allegations of paragraph 184 of the Counterclaim.

185. Microsoft admits the Xbox One S is a video game console, but denies that it infringes any claim of the '809 patent. Microsoft denies the remaining allegations in paragraph 185 of the Counterclaim.

186. Microsoft admits that the Xbox One S supports certain aspects of HDCP Rev. 2.2, but denies that the Xbox One S infringes or has infringed any claim of the '809 patent. Microsoft denies the remaining allegations of paragraph 186 of the Counterclaim.

187. Microsoft denies the allegations of paragraph 187 of the Counterclaim.

188. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 188 of the Counterclaim that relate to actions of third parties, and therefore denies them. Microsoft denies the remaining allegations of paragraph 188 of the Counterclaim.

189. Microsoft references and incorporates by reference its response in paragraph 33, as though fully set forth here. Microsoft denies the remaining allegations of paragraph 189 of the Counterclaim.

190. Microsoft denies the allegations of paragraph 190 of the Counterclaim.

191. Microsoft denies the allegations of paragraph 191 of the Counterclaim.

192. Microsoft denies the allegations of paragraph 192 of the Counterclaim.

193. Microsoft admits that the Microsoft Surface Pro 4 is a tablet that runs the Windows 10 operating system, and that the Microsoft Lumia 650 is a smartphone that runs the Windows 10 Mobile operating system, but denies that either device infringes any claim of the ’809 patent. Microsoft denies the remaining allegations in paragraph 193 of the Counterclaim.

194. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 194 of the Counterclaim that relate to actions of third parties, and therefore denies them. Further, Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 163 that relate to the implementation of PlayReady and Windows Media DRM in third party devices, and therefore denies them. Microsoft admits that the Microsoft Surface Pro 4 and Microsoft Lumia 650 include software that supports PlayReady and Windows Media DRM by default, but denies that the Microsoft Surface Pro 4 and Microsoft Lumia 650 infringe or have infringed any claim of the ’809 patent. Microsoft denies the remaining allegations of paragraph 194 of the Counterclaim.

195. Microsoft denies the allegations of paragraph 195 of the Counterclaim.

196. Microsoft denies the allegations of paragraph 196 of the Counterclaim.

197. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 197 of the Counterclaim that relate to actions of third parties, and therefore denies them. Microsoft denies the remaining allegations of paragraph 197 of the Counterclaim.

198. Microsoft references and incorporates by reference its response in paragraph 33, as though fully set forth here. Microsoft denies the remaining allegations of paragraph 198 of the Counterclaim.

199. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 199 of the Counterclaim that relate to actions of third parties, and therefore denies them. Microsoft denies the remaining allegations of paragraph 199 of the Counterclaim.

200. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 200 of the Counterclaim that relate to actions of third parties, and therefore denies them. Microsoft denies the remaining allegations of paragraph 200 of the Counterclaim.

201. Microsoft references and incorporates by reference its response in paragraph 33, as though fully set forth here. Microsoft denies the remaining allegations of paragraph 201 of the Counterclaim.

202. Microsoft denies the allegations of paragraph 202 of the Counterclaim.

203. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 203 of the Counterclaim that relate to actions of third parties, and therefore denies them. Microsoft denies the remaining allegations of paragraph 203 of the Counterclaim.

204. Microsoft denies the allegations of paragraph 204 of the Counterclaim.

205. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 205 of the Counterclaim that relate to actions of

third parties, and therefore denies them. Microsoft denies the remaining allegations of paragraph 205 of the Counterclaim.

206. Microsoft denies the allegations of paragraph 206 of the Counterclaim.

207. Microsoft denies the allegations of paragraph 207 of the Counterclaim.

208. Microsoft references and incorporates by reference its response in paragraph 33, as though fully set forth here. Microsoft denies the remaining allegations of paragraph 208 of the Counterclaim.

**Ninth Cause of Action: No Infringement of U.S. Patent No. RE 43,564**

209. Microsoft references and incorporates by reference its responses in each of paragraphs 1 through 34 as though fully set forth here.

210. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 210 of the Counterclaim, and therefore denies them.

211. To the extent paragraph 211 of the Counterclaim contains any allegations directed against Microsoft or to which a response is required, Microsoft denies the allegations.

212. To the extent paragraph 212 of the Counterclaim contains any allegations directed against Microsoft or to which a response is required, Microsoft denies the allegations.

213. Microsoft denies the allegations of paragraph 213 of the Counterclaim.

214. Microsoft admits that the Microsoft Surface Pro 4 is a tablet that runs the Windows 10 operating system, and that the Microsoft Lumia 650 is a smartphone that runs the Windows 10 Mobile operating system, but denies that either device infringes any claim of the ’564 patent. Microsoft denies the remaining allegations in paragraph 214 of the Counterclaim.

215. Microsoft admits that the Microsoft Surface Pro 4 and Microsoft Lumia 650 have a wireless modem, a processor, and a touch screen. Microsoft denies the remaining allegations of paragraph 215 of the Counterclaim.

216. Microsoft denies the allegations of paragraph 216 of the Counterclaim.

217. Microsoft denies the allegations of paragraph 217 of the Counterclaim.

218. Microsoft denies the allegations of paragraph 218 of the Counterclaim.

219. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 219 of the Counterclaim that relate to actions of third parties, and therefore denies them. Microsoft denies the remaining allegations of paragraph 219 of the Counterclaim.

220. Microsoft references and incorporates by reference its response in paragraph 34, as though fully set forth here. Microsoft denies the remaining allegations of paragraph 220 of the Counterclaim.

221. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 221 of the Counterclaim that relate to actions of third parties, and therefore denies them. Microsoft denies the remaining allegations of paragraph 221 of the Counterclaim.

222. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 222 of the Counterclaim that relate to actions of third parties, and therefore denies them. Microsoft denies the remaining allegations of paragraph 222 of the Counterclaim.

223. Microsoft denies the allegations of paragraph 223 of the Counterclaim.

224. Microsoft denies the allegations of paragraph 224 of the Counterclaim.

225. Microsoft references and incorporates by reference its response in paragraph 34, as though fully set forth here. Microsoft denies the remaining allegations of paragraph 225 of the Counterclaim.

**No Entitlement to Relief by Philips**

226. Microsoft denies that Philips is entitled to or should be granted any relief in this matter, including the relief that Philips specifically requests in paragraphs A through F of the Counterclaim.

**General Denial**

227. Except as expressly admitted above, Microsoft denies each and every allegation in Philips's Counterclaim.

**AFFIRMATIVE DEFENSES**

By way of further answer, and as Affirmative Defenses to Philips' Counterclaim, Microsoft states as follows:

**First Affirmative Defense**

**(Failure to State a Claim)**

1. Philips' Counterclaim fails to state a claim upon which relief can be granted with respect to any and all of the patents-in-suit.

**Second Affirmative Defense**

**(Non-infringement)**

2. Microsoft has not directly infringed, and is not directly infringing, any claims of the patents-in-suit either literally or under the Doctrine of Equivalents. Microsoft has not induced or contributed to, and is not inducing or contributing to, infringement of the patents-in-suit either literally or under the Doctrine of Equivalents.

**Third Affirmative Defense**

**(Invalidity)**

3. All asserted claims of the patents-in-suit are invalid for failure to comply with one or more provisions of the Patent Laws of the United States of America, Title 35, United States Code, Sections 101 *et seq*., including without limitation Sections 102, 103 and/or 112.

4. Microsoft incorporates by reference Defendants' Joint Initial Invalidity Contentions, served in this case on September 30, 2016, pursuant to the Court's Scheduling Order and ¶ 4(d) of the Delaware Default Standard for Discovery, Including Discovery of Electronically Stored Information.

**Fourth Affirmative Defense**

**(Unpatentable Subject Matter)**

5. All asserted claims of the '564 patent, the '387 patent, the '064 patent, and the '806 patent are unpatentable for failure to meet one or more of the requirements set forth in 35 U.S.C. § 101.

6. The asserted claims of the '564 patent are directed to nothing more than the unpatentable abstract concept of magnifying content, coupled with insignificant pre- and post-solution activity. Indeed, this abstract idea is nothing more than a basic application of the laws of nature to replicate a natural phenomenon. As a result, the '564 patent falls within one or more of the judicially recognized exceptions to 35 U.S.C. § 101. The asserted claims of the '564 patent therefore describe patent-ineligible subject matter under 35 U.S.C. § 101.

7. The asserted claims of the '387 and '064 patents are directed to nothing more than the unpatentable abstract concept of scrolling on a touch screen in a manner that feels "natural" and obeys the basic laws of physics. Indeed, this abstract idea is nothing more than a basic

application of the laws of nature to replicate a natural phenomenon. As a result, the ’387 and ’064 patents fall within one or more of the judicially recognized exceptions to 35 U.S.C. § 101. The asserted claims of the ’387 and ’064 patents therefore describe patent-ineligible subject matter under 35 U.S.C. § 101.

8. The asserted claims of the ’806 patent are directed to nothing more than the unpatentable abstract concept of retrieving a multimedia presentation over a network for display. As a result, the ’806 patent falls within one or more of the judicially recognized exceptions to 35 U.S.C. § 101. The asserted claims of the ’564 patent therefore describe patent-ineligible subject matter under 35 U.S.C. § 101.

**Third Affirmative Defense**

**(Invalidity Due To Broadening Re-issue)**

9. Philips’ allegations as to the ’564 patent are barred by 35 U.S.C. § 251 (“No re-issued patent shall be granted enlarging the scope of the claims of the original patent unless applied for within two years from the grant of the original patent.”). The re-issue proceedings that resulted in the ’564 patent took place outside the two-year period for a broadening re-issue specified by § 251. Nevertheless, Philips improperly enlarged the scope of the original claims of these patents through amendments. The improper broadening during re-issue of renders the ’564 patent invalid under § 251.

10. The ’564 patent is a re-issue of U.S. Patent No. 6,466,203 (“the ’203 patent”); a copy of the ’203 patent. A copy of the file history for application no. 09/619,426, which led to the ’203 patent, is attached hereto as Exhibit 1. A copy of the ’203 patent is attached hereto as Exhibit 2.

11. As initially filed, the claims of the ’203 patent did not specify the location of the

user touch, requiring only that the claimed device be "operative to enable the user to select via the touch screen a portion of the image, when displayed at a first scale, for rendering the selected portion on the display at a second scale larger than the first scale." Ex. 1 at PHILIPS00004570–71.

12. The prosecution history of the '203 patent offers additional evidence. After the Examiner issued a final rejection of all claims of the '203 patent as obvious in light of the prior art, including Tanimoto, Philips filed an application for continuing prosecution—necessary to amend claims after a final rejection—and filed new claims requiring, among other things, that "the selected portion when rendered at the second scale is a zoomed-in version of part of the image at the first scale substantially centered around the touch location." Ex. 1 at PHILIPS00004619. Yet again, the examiner rejected these claims, again noting (among other grounds) that "Tanimoto teaches a touch panel that when displayed at a first scale, for rendering the selected portion on the display at a second scale larger than the first scale, and the second scale is a zoomed-in version of part of the image at the first scale substantially centered around the touch location." Ex. 1 at PHILIPS00004630.

13. On May 13, 2002, Philips amended its claims yet again. Ex. 1 at PHILIPS00004642-48. This time, instead of claiming zooming on any touch *location*, Philips claimed only zooming when "the selected portion when rendered at the first scale is a zoomed-in version of part of the image at the first scale substantially centered around the touch *screen*." Ex. 1 at PHILIPS00004643-44 (emphasis added). Following this amendment, the examiner allowed the claims, noting that the prior art references "fail to disclose the claimed limitations such as the system," including "the selected portion when rendered at the first scale is a zoomed-in version of part of the image at the first scale substantially centered around the touch screen." Ex. 1 at

PHILIPS00004657-58. On October 15, 2002, the Patent Office issued the ’203 patent. Ex. 2.

14. Eight years later, on December 22, 2010, Philips filed for re-issue of the ’203 patent. A copy of the prosecution history for the re-issue application is attached hereto as Exhibit 3. The re-issue application sought, among other things, to change “a zoomed-in version of part of the image at the first scale substantially centered around the touch *screen*” to read “a zoomed-in version of part of the image at the first scale substantially centered around the touch *location*.” Ex. 3 at PHILIPS00002705-07. The examiner eventually allowed all pending claims, and on August 7, 2012, the Patent Office issued the ’564 patent. A copy of the ’564 patent is attached hereto as Exhibit 4.

FIG. 2A

FIG. 2B




15. The re-issued claim language of the ’564 patent is broader than the original claim language of the ’203 patent. The ’203 patent’s original claim recited zooming into the center of the screen but *nowhere else*. The re-issue claims, however, recite zooming into *any touch location*—a concept that Philips removed during prosecution of the ’203 patent and added back during re-issue. Figure 2 of the RE’564 patent, which does not appear in the ’203 patent, provides a simple example of zooming that would infringe the re-issue claims but not the original claims. Figure 2B shows a zoom on a portion of Figure 2A, after the user touches near the letter “A.” Demonstrably, the “zoomed-in version of part of the image” is substantially centered around the “touch location” but *not* around the “touch screen” as a whole. Claim 1 of the ’564 patent is thus broader than any claim of the ’203 patent, and must fall under 35 U.S.C. § 251. The remaining asserted claims all depend from claim 1, and must

therefore fall as well.

**<u>Sixth Affirmative Defense</u>**

**(Unenforceability Of Uncorrected Claims That Issued In Error)**

16. The Patent Office issued the asserted claims of the '797 patent in error, and Philips failed to seek correction in the 17 years since issuance. Under these circumstances, clear Federal Circuit precedent bars Philips from asserting infringement of these claims without first seeking, and obtaining, the required certificate of correction. The '797 patent is now expired, so Philips can no longer seek a certificate of correction. Thus, Philips cannot pursue its claims regarding the '797 patent, and is not entitled to any relief for this patent.

17. The error in the claim is evident from the prosecution history of the '797 patent, a copy of which is attached hereto as Exhibit 5. In particular, Philips filed application no. 08/601,140, which would eventually issue as the '797 patent, on February 13, 1996. *See* Ex. 5 at PHILIPS00004060. On April 15, 1999, shortly before issuance, Philips filed an amendment to claim 1 under Rule 312, requesting that the term "a gravitation-controlled sensor" be amended to "a gravitation-controlled sensor *means*," and that "said sensing means" be amended to "said *sensor* means." Ex. 5 at PHILIPS00004242-43. As Philips explained in its request, these amendments would "provide complete congruity between the 'sensor' elements recited on lines 6 and 11." Ex. 5 at PHILIPS00004242-43.

18. On May 5, 1999, the examiner granted this request, Ex. 5 at PHILIPS00004245-46, and made handwritten edits reflecting these changes to the claim language:

> processing means, [said screen means having] a gravitation-controlled sensor means integrated with said screen means and feeding said data processing means for measuring an acceleration [a] [spatial orientation] of said screen means induced by user manipulation of the screen means, wherein said data processing means have programmed calculating means for under control of a [predetermined range of spatial orientations] screen motion sensed by said ~~sensing~~ sensor means imparting [a non-stationary] an acceleration

Ex. 5 at PHILIPS00004213. A copy of the '797 patent, as issued, is attached hereto as Exhibit 6.

19. Despite this unequivocal amendment, however, the Patent Office issued the '797 patent in error, without the amended language. Ex. 6 at 4:41-51 (referring to "a gravitation-controlled sensor" instead of "a gravitation-controlled sensor *means*," and "said sensing means" instead of "said *sensor* means"). In the seventeen years since the patent issued, Philips neither requested nor obtained a certificate of correction.

20. In these actions, Philips now asserts claims 1 and 6 of the '797 patent. *See* Counterclaim (D.I. 84) at ¶ 119. Because claim 6 depends on claim 1, the error in the '797 patent affects all asserted claims. Philips cannot assert these claims until they have been corrected by the PTO, which is impossible now that the patent is expired. "When, as here, a claim issues that omits a material limitation, and such omission is not evident on the face of the patent, the patentee cannot assert that claim until it has been corrected by the PTO." *HW Tech. v. Overstock.com*, 758 F.3d 1331, 1335 (Fed. Cir. 2014). In this instance, the Court cannot retroactively correct the error on the face of the '797 patent because the correct claim language is not evident from the face of the patent; rather, the correct language is disclosed only in the prosecution history, which cannot be used to retroactively correct claim language. *Group One, Ltd. v. Hallmark Cards, Inc.* 407 F.3d 1297, 1303 (Fed. Cir. 2005). Thus, Philips cannot pursue its claims regarding the '797 patent, and is not entitled to any relief for this patent.

**Seventh Affirmative Defense**

**(Unenforceability Due To Inequitable Conduct)**

21. The ’913 patent is unenforceable due to inequitable conduct before the U.S. Patent & Trademark Office during prosecution of re-issue application no. 13/955,345 (“the ’345 application”), which issued as the ’913 patent. The ’345 application is attached hereto as Exhibit 7.

22. The ’345 application, filed July 31, 2013, sought re-issue of claims originally granted in U.S. Patent No. 6,885,318 (“the ’318 patent”). Ex. 7 at PHILIPS00003518.

23. The ’345 application claims modified the claims of the ’318 patent by adding a timing requirement. Specifically, the ’345 application claims required that (1) a primary character is returned in the default state when that character is touched “for a period shorter than a predetermined time period,” and (2) a display of secondary characters appears when the primary character is selected “for a period longer than the predetermined time period.” Ex. 7 at PHILIPS00003520.

24. The examiner issued a Notice of Allowability for the ’345 application on March 12, 2014, a copy of which is attached hereto as Exhibit 8. In the Notice of Allowability, the examiner determined that the added language distinguished the ’345 application claims from the prior art. Ex. 8 at PHILIPS00003750 (indicating that the prior art of record did not teach or suggest an invention wherein “the device displays a default character associated with a key when the key is pressed for a period shorter tha[n] a predetermined time and when the key is pressed for a longer period secondary characters are displayed which are selected by a second key pressing, wherein the keyboard returns to the default state after the second key pressing”).

25. On March 18, 2014, six days after issuance of the Notice of Allowability, the

patent owner's attorney, Michael E. Belk, filed a request for continued examination and submitted an information disclosure statement (IDS) disclosing additional prior art references, including Japanese Patent No. 4,019,512 to Sakata ("Sakata '512"). Copies of the IDS and the Sakata reference submitted therewith are attached hereto as Exhibit 9.

26. Sakata '512 issued on December 12, 2007, and is not itself prior art to '913 patent, but corresponds to Japanese Unexamined Patent Application Publication No. 2000-56912 ("Sakata Application"), which was published on February 25, 2000.

27. The Sakata Application is prior art to the '913 patent.

28. Attorney Belk included in the IDS the Sakata '512 reference in the original Japanese, a cover page of Sakata '512 with the publication date of the Sakata Application circled and what appears to be a machine translation of Sakata '512 from Thomson Reuters. Exhibit 9 at PHILIPS00003789.

29. On information and belief, the contents of the Sakata '512 patent and the corresponding published Sakata Application are substantively the same, and Attorney Belk submitted the Sakata '512 patent intending that it represent the contents of the Sakata Application prior art.

30. As described in the submitted machine translation, the Sakata Application discloses a technique for presenting "[a] character set . . . over a touch-type display screen in a tabular form" wherein "[i]ndividual characters can be chosen through a stylus." Ex. 9 at PHILIPS00003793.

31. Moreover, "[b]y contacting one of a special subset of characters in the particular array, a separate menu (18) is brought forward onto the display, from which menu of a different character set (6B) can be generated." Id. The translation discloses four embodiments for

carrying out the described invention. *Id.* at PHILIPS00003801-05.

32. Along with the Sakata ’512 reference itself, Attorney Belk attached three pages containing reproductions of figures 10-12 from the reference, annotated with descriptions, commentary, and argument concerning the disclosures of the Sakata Application. As indicated in the machine translation provided, figures 10-12 correspond to the first embodiment of the invention disclosed by Sakata. Ex. 9 at PHILIPS00003804.

33. The first annotated page, reproduced below, includes figures 10 and 11, as well as argument to the PTO purporting to distinguish Sakata’s disclosures from the applicant’s pending claims. It begins with a sentence stating, “[a]ctually the invention [Sakata] didn’t disclose concept of ‘pre-determined time’.” Exhibit 9 at PHILIPS00003790.




Actually the invention didn’t disclose concept of ‘pre-determined time’. However, it disclosed similar concept to select secondary character corresponding to one key button.

Figure 11 disclosed a example of the invention, if user select character ‘n’ in a keyboard display by using pen or his finger, then selectable other characters are displayed along with original character( in this case ‘n’ ).

So, if user takes his pen off while selecting ‘n’ then original character(primary character) is selected.

34. The third annotated page, reproduced below, includes figure 11 and restates the argument that Sakata does not disclose a timing requirement, stating that “[t]he patent doesn’t disclose timing concept, but selecting secondary character via primary character of keyboard is obvious in light of the invention.” *Id.* at PHILIPS00003792.

【図１１】




When user selects one of the character of the keyboard, primary character is selected basically. And user has to move his pen to select secondary character.

The patent doesn't disclose timing concept, but selecting secondary character via primary character of keyboard is obvious in light of the invention.

35. The statement that Sakata "doesn't disclose the timing concept" is incorrect. Although the first embodiment of Sakata, illustrated in figures 10 and 11, does not disclose a timing concept, the third embodiment does, in fact, disclose such a concept.

36. The third embodiment of Sakata describes a variation in which a menu of secondary characters is displayed after a primary character key has been held for a fixed time period. On information and belief, Attorney Belk was aware the third embodiment of Sakata disclosed a timing concept when he submitted Sakata and his accompanying arguments to the PTO.

37. Given that the examiner cited the purported absence in the prior art of a "device [that] displays a default character associated with a key when the key is pressed for a period shorter tha[n] a predetermined time and when the key is pressed for a longer period secondary characters are displayed which are selected by a second key pressing," as the reason for allowance of the '913 claims, Sakata's third embodiment, which expressly disclosed this precise limitation, was highly material to patentability.

38. By stating that "the invention didn't disclose [sic] concept of 'pre-determined time'" and "[t]he patent doesn't disclose [sic] timing concept," Attorney Belk materially misrepresented the contents of the Sakata Application to the PTO.

39. Moreover, by omitting any discussion of the Sakata Application's third embodiment in his discussion of the reference's relevance to the pending claims, and in fact directing attention away from that embodiment and toward a less relevant embodiment, Attorney Belk withheld material information regarding the patentability of the '913 claims.

40. On information and belief, but for Attorney Belk's misrepresentations and omissions regarding the Sakata Application, the '913 claims would not have issued. On information and belief, Attorney Belk's material misrepresentations and omissions regarding the Sakata Application were willful and done with specific intent to mislead or deceive the PTO.

41. Attorney Belk filed the IDS disclosing the Sakata Application only six days after the examiner had issued a notice of allowability identifying the purported absence in the prior art of a "device [that] displays a default character associated with a key when the key is pressed for a period shorter tha[n] a predetermined time and when the key is pressed for a longer period secondary characters are displayed which are selected by a second key pressing" as the reason for allowance of the '913 claims.

42. Attorney Belk's description of the Sakata Application in the attached annotations directed the examiner's attention to a single, less relevant embodiment that did not disclose the features identified in the examiner's notice of allowability, yet he characterized these discussions as applying to the "invention" and "patent" of Sakata generally. His description of Sakata was intentionally selective, and failed to acknowledge that Sakata disclosed additional embodiments, including the third embodiment that taught the same features the examiner had focused on in his

notice of allowance. Moreover, of the four foreign patent references identified in the IDS, Sakata was the only one for which Attorney Belk submitted his own arguments in addition to a translation.

43. On information and belief, Attorney Belk took the above actions for the purpose of deterring the examiner from undertaking a thorough review of Sakata and instead directing the examiner's attention to only an irrelevant embodiment of Sakata. On information and belief, Attorney Belk acted with specific intent to mislead or deceive the PTO. The single most reasonable inference able to be drawn from the facts and circumstances surrounding Attorney Belk's misrepresentation of Sakata is that Attorney Belk acted with specific intent to mislead or deceive the PTO.

**Eighth Affirmative Defense**

**(Prosecution History Estoppel)**

44. Philips is estopped from construing the claims of the patents-in-suit to cover or include, either literally or by application of the doctrine of equivalents, methods used or devices manufactured, used, imported, sold, or offered for sale by Microsoft because of admissions, amendments, and statements to the USPTO during prosecution of the applications leading to the issuance of the patents-in-suit or related family members.

**Ninth Affirmative Defense**

**(License, Exhaustion, Estoppel, and/or Waiver)**

45. Upon information and belief, Philips' allegations of infringement of the patents-in-suit are barred in whole or in part by the defenses of license (either express or implied), estoppel, exhaustion, and/or waiver.

46. In particular, Microsoft purchases and has purchased component parts from

Qualcomm, Inc., and incorporated those components into certain accused products.

47. On information and belief, Qualcomm has been a Philips licensee since 1998, and the Qualcomm/Philips agreement grants Qualcomm, its customers, and certain third-party beneficiaries rights to practice the ’695 and ’806 patents free from the threat of lawsuit by Philips.

48. As a third-party beneficiary to the Qualcomm\Philips license, Microsoft is licensed to practice the ’695 and ’806 patents.

49. Furthermore, on information and belief, Philips signed the “HDCP License Agreement” (last revised November 28, 2012) and is an “HDCP Licensed Adopter.” Microsoft similarly entered into the “HDCP Adopters Only Agreement.” On information and belief, the HDCP License Agreement that Philips signed includes a non-assert provision, under which Philips agrees not to assert or maintain claims of patent infringement under any Necessary Claims embodied in the HDCP Specification, for activities or products for which any Fellow Adopter has been granted a license. Because Philips is construing claims of the ’819 and ’809 patents to read directly on the current version of the HDCP Specification, the asserted claims of the ’819 and ’809 patents are Necessary Claims and Microsoft has a license to the ’819 and ’809 patents.

50. On information and belief, Philips was a participating member of the SYMM Working Group for Synchronized Multimedia Integration Language (SMIL), which enables authoring of interactive audiovisual presentations. On information and belief, Philips actively participated in Working Group discussions regarding SMIL before filing an application for on overlapping technology which became the ’806 patent. On information and belief, though Philips contributed and was privy to the discussions giving rise to SMIL recommendations, it

simultaneously sought the ’806 patent, failed to disclose the pending application as required to the SMIL working group, and subsequently withdrew from the Group to avoid its patent disclosure and RAND licensing obligations.

**Tenth Affirmative Defense**

**(Intervening Rights)**

51. Philips’ allegations of infringement or damages of the patents-in-suit are barred in whole or in part by the defense of intervening rights, both absolute and equitable, under 35 U.S.C. § 252. For instance, before filing this case, Philips substantively amended the asserted claims of the ’913 patent and the ’564 patent during re-issue proceedings. Before the amended claims re-issued, Microsoft had already begun (or had made substantial preparations to begin) making, using, selling, offering for sale or importing certain accused products. As a result, Microsoft was vested with rights to continue its activities with respect to these accused products, without recourse for Philips.

**Eleventh Affirmative Defense**

**(Unclean Hands)**

52. Philips’ misconduct prior to this litigation, during this litigation, before the Patent Office, and in licensing negotiations has rendered certain of the patents-in-suit unenforceable due to unclean hands.

53. As explained above, the asserted claims of the ’797 patent issued in error and Philips cannot pursue them because it has not received a certificate of correction. Philips was aware of this issue during the ’797 patent’s prosecution, and brought the error to the attention of the Patent Office prior to the patent’s issuance, but Philips never corrected the error once the patent issued with erroneous language. Nevertheless, Philips has falsely asserted during

licensing negotiations and in this litigation that the patent is valid and enforceable against Microsoft.

54. In addition, as explained above, Philips voluntarily amended the claims of the ’564 patent and the ’913 patent in re-issue proceedings that took place outside the two-year period for a broadening re-issue specified by 35 U.S.C. § 251, and improperly enlarged the scope of the original claims of these patents through amendments. Nevertheless, Philips has falsely asserted during licensing negotiations and in this litigation that these patent are valid and enforceable against Microsoft.

55. On information and belief, Philips was a participating member of the SYMM Working Group for Synchronized Multimedia Integration Language (SMIL), which enables authoring of interactive audiovisual presentations. On information and belief, Philips actively participated in Working Group discussions regarding SMIL before filing an application for on overlapping technology which became the ’806 patent. On information and belief, though Philips contributed and was privy to the discussions giving rise to SMIL recommendations, it simultaneously sought the ’806 patent, failed to disclose the pending application as required to the SMIL working group, and subsequently withdrew from the Group to avoid its patent disclosure and RAND licensing obligations.

**Twelfth Affirmative Defense**

**(Patent Misuse)**

56. Upon information and belief, Philips has knowingly undertaken to enforce the claims of the ’797 patent against Microsoft while knowing that Microsoft has not infringed any valid or enforceable claim of the ’797 patent. As explained above, the asserted claims of the ’797 patent issued in error and Philips cannot pursue them because it has not received a certificate of correction. Philips was aware of this issue during the ’797 patent’s prosecution,

and brought the error to the attention of the Patent Office prior to the patent's issuance, but Philips never corrected the error once the patent issued with erroneous language. Additionally, this issue was brought to Philips' attention as part of Defendants' Joint Initial Invalidity Contentions, served in this case on September 30, 2016. Nevertheless, Philips asserted falsely during licensing negotiations and in this litigation that the '797 patent is valid and enforceable against Microsoft. Based upon the foregoing conduct of Philips, this is an exceptional case under 35 U.S.C. § 285.

**Thirteenth Affirmative Defense**

**(Laches)**

57. Philips' claim for damages, if any, against Microsoft for alleged infringement of the patents-in-suit is limited by the doctrine of laches.

**Fourteenth Affirmative Defense**

**(Limitation on Damages)**

58. Philips' claim for damages, if any, against Microsoft for alleged infringement of the patents-in-suit is statutorily limited, in whole or in part, by the provisions of 35 U.S.C. §§ 286, 287, and/or 288.

**Fifteenth Affirmative Defense**

**(Failure to Mark / Failure to Mitigate)**

59. Philips' case and/or damages is limited in whole or in part by its failure to mark and/or failure to mitigate, including without limitation Philips' failure to mark its own products with the numbers of the patents-in-suit or to police the marking of its customers and licensees.

**Sixteenth Affirmative Defense**

**(No Willful Infringement)**

60. Philips is not entitled to seek enhanced damages or attorneys' fees for willful and deliberate infringement.

**Seventeenth Affirmative Defense**

**(No Fees)**

61. Philips is not entitled to seek fees under 35 U.S.C. § 288.

**Eighteenth Affirmative Defense**

**(Improper Venue)**

62. Venue is improper under 28 U.S.C. § 1400(b), which states that patent infringement actions may be brought only "in the judicial district where the defendant resides" or "where the defendant has committed acts of infringement and has a regular and established place of business." For corporate entities, a defendant "resides" in its state of incorporation. Microsoft is not incorporated in Delaware, and does not have a "regular and established place of business" in Delaware. Therefore, under § 1400(b), venue is improper in this district.

63. Microsoft acknowledges that in *In re TC Heartland*, 2016 U.S. App. LEXIS 7753 (Fed. Cir. Apr. 29, 2016), the Federal Circuit decided that corporate residency in patent cases is defined by 28 U.S.C. § 1391(c), which defines corporate residency more broadly than § 1400(b). However, the Supreme Court recently granted certiorari on the *TC Heartland* decision to decide whether § 1400(b) or § 1391(c) controls venue for corporations in patent cases. Pending resolution of this issue of law, Microsoft objects to venue in this District.

ASHBY & GEDDES

*/s/ Andrew C. Mayo*

Steven J. Balick (#2114)
Andrew C. Mayo (#5207)
500 Delaware Avenue
P.O. Box 1150
Wilmington DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
amayo@ashby-geddes.com

*Attorneys For Intervenor-Plaintiff Microsoft Corporation*

*Of Counsel*:

Chad Campbell
CSCampbell@perkinscoie.com
Jared W. Crop
JCrop@perkinscoie.com
Perkins Coie LLP
2901 North Central Avenue, Suite 2000
Phoenix, AZ 85012-2788
602.351.8000

Judy Jennison
JJennison@perkinscoie.com
Christina McCullough
CMcCullough@perkinscoie.com
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
206.359.8000

Dated: December 22, 2016