IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KONINKLIJKE PHILIPS N.V., <br> U.S. PHILIPS CORPORATION, <br><br> Plaintiffs, <br><br> v. <br><br> DOUBLE POWER TECHNOLOGY, INC., <br> ZOWEE MARKETING CO., LTD., <br> SHENZEN ZOWEE TECHNOLOGY CO., <br> LTD., <br><br> Defendants. | C.A. No. 15-1130 (GMS) |

**DOUBLE POWER DEFENDANTS' MOTION TO STAY PENDING DECISION ON MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR VENUE**

Shenzhen Zowee Technology Co., Ltd. ("Shenzhen Zowee"), Zowee Marketing Co., Ltd. ("Zowee Marketing"), and Double Power Technology, Inc. ("Double Power") (collectively, the "Double Power Defendants") move to stay this action pending resolution of their Rule 12(b)(2) and (3) Motion to Dismiss Plaintiffs' Complaint for Lack of Personal Jurisdiction and Improper Venue (D.I. 90, the "Renewed Motion to Dismiss").

On December 7, 2015, Plaintiffs Koninklijke Philips N.V. and U.S. Philips Corp. (collectively, "Philips" or "Plaintiffs") filed a Complaint alleging that the Double Power Defendants infringe nine patents (collectively, "Patents-in-Suit") (D.I. 1 at 1). Philips then filed an amended complaint on April 11, 2016 (D.I. 15), which the Double Power Defendants and the co-defendants in the related cases moved to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) (the "12(b)(6) Motion," D.I. 23). Defendants also filed a motion to dismiss for lack of personal jurisdiction and improper venue (the "Personal Jurisdiction Motion," D.I. 16 and 17).

On October 25, 2016 the Court granted in part the 12(b)(6) Motion with leave to amend. (D.I. 64). The Court did not rule on the Double Power Defendants' Personal Jurisdiction Motion. On November 23, 2016, Plaintiffs filed their Second Amended Complaint against the Double Power Defendants, failing to cure any of the previously-identified jurisdictional defects. (D.I. 81). On December 22, 2016, the Double Power Defendants responded to the Second Amended Complaint by filing their Renewed Motion to Dismiss, again asserting that this Court lacks personal jurisdiction and venue over them. (D.I. 90). That motion is fully briefed and remains pending. The Double Power Defendants now file this motion to stay to avoid further burden and expense on proceedings that will be unnecessary if their motion is granted.

I.  **SUMMARY OF ARGUMENT AND STATEMENT OF FACTS**

A stay will conserve party and judicial resources—possibly eliminating any future need for this Court to engage in discovery disputes or motion practice with respect to the Double Power Defendants.

Since the Double Power Defendants filed their Renewed Motion to Dismiss, the parties have engaged in written discovery, claim construction briefing, and, most recently, a full-day *Markman* hearing before the Court. Document production is currently required to be completed by June 1, 2017, and fact discovery completed on September 25, 2017. (D.I. 52 at 4).

At this juncture, it has become clear that Philips intends to impose costly and burdensome discovery on the Double Power Defendants – two of whom are foreign – and none of whom have any ties to this district. Indeed, just this week, following the parties' meet and confer on this motion to stay, Philips served two deposition notices (D.I. 151 and 152) and has sought deposition dates for employees of the Double Power defendants that reside abroad. (Ex. A). It then served a third set of interrogatories on the Double Power Defendants that purport to require

them, among other things, to review source code produced by others to provide any basis for non-infringement. (Ex. B).

Accordingly, the Double Power Defendants respectfully request that this Motion to Stay be granted so that the threshold issue of personal jurisdiction and venue can be decided before defendants with no ties to this district, including defendants from half way across the globe, are subjected to the further burden and expense that Philips seeks to impose.

## II.  ARGUMENT

### A. Legal Standard

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). *See also* Fed. R. Civ. P. 26(c); *Kaavo Inc. v. Cognizant Tech. Solutions Corp.*, No. 14-1192-LPS-CJB, 2015 WL 1737476, at *1 (D. Del. Apr. 9, 2015) ("A court has discretionary authority to grant a motion to stay.") (citing *Cost Bros., Inc. v. Travelers Indent. Co.*, 760 F.2d 58, 60-61 (3d Cir. 1985)).  This Court typically considers the following three factors when determining whether a motion to stay the proceedings is appropriate: (1) "whether a stay will simplify the issues for trial," (2) "whether discovery is complete and a trial date has been set," and (3) "whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Kaavo*, 2015 WL 1737476, at *1; *St. Clair Intellectual Prop. Consultants, Inc. v. Motorola Mobility LLC*, C.A. No. 11-1305-LPS.  In exercising its discretion, courts may also consider whether the moving party would face undue hardship or inequity in the absence of a stay. *See Cooper Notification, Inc. v. Twitter, Inc.*, 2010 WL 5149351, at *2 (D. Del. Dec. 13, 2010).

### B. The Factors Considered By This Court In Granting A Stay Clearly Favor Granting The Double Power Defendants' Motion.

As shown more fully below, each of the three factors to be considered by this Court clearly favor granting a short stay until the pending Renewed Motion to Dismiss is decided.

#### 1. A Stay of this Action Pending Resolution of the Renewed Motion To Dismiss Will Likely Simplify, if not Eliminate Entirely, This Action.

Courts in the Third Circuit have agreed that in the context of a pending motion on a threshold issue, a stay is "an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Coastal States Gas Corp. v. Dep't of Energy*, 84 F.R.D. 278, 282 (D. Del. 1979) (postponing discovery of issues relating to merits of a case pending resolution of dispositive motion). The benefit of a stay is maximized where, as here, the motion requires no additional factual development to resolve, and would potentially resolve the entirety of a complaint. *Id.*; *Mann v. Brenner*, 375 F. App'x 232, 239 (3d Cir. 2010) ("In certain circumstances it may be appropriate to stay discovery while evaluating a motion to dismiss" where resolution of the motion to dismiss would render "discovery futile."). Here, the threshold issue of whether the exercise of personal jurisdiction and venue over each of the Double Power Defendants comports with due process should be decided before they are required to expend further resources in defending against this case.

#### 2. The Current Status of the Case Clearly Favors A Stay

A stay is warranted now to prevent further prejudice to the Double Power Defendants from continued prosecution of this case. The Court has just held its *Markman* hearing and the parties are now turning towards discovery in earnest to develop the factual bases for their claims and defenses. Indeed, the Double Power Defendants have—to date—participated fully by providing written discovery responses and requested documents to Plaintiffs. However, the discovery obligations of the Double Power Defendants to both pursue their own discovery

against Plaintiffs and third parties, as well as defend against discovery pursued by Plaintiffs is about to increase substantially. And Plaintiffs have made clear their intent to continue to substantially increase the burden on the Double Power Defendants while their Renewed Motion to Dismiss is pending Following the parties' meet and confer on this Motion to Stay, Plaintiffs within the last two days has served deposition notices for two individuals affiliated with Double Power, seeking to depose these witnesses **in Delaware** on June 14 and 15. (D.I. 151 and 152).[1][LL1] Plaintiffs then followed up with a request for deposition dates for employees from the foreign defendants. See Ex. A. Philips then served a third set of burdensome interrogatories that would require the Double Power to analyze third parties' source code. The Double Power Defendants also would be forced to incur substantial time and expense to meet the upcoming deadlines for substantial document production on June 1 and the close of fact discovery on September 25, 2017 (D.I. 52). These deadlines are then followed by expert discovery and letter requests for summary judgment, none of which the Double Power Defendants should have to engage in before the threshold personal jurisdiction and venue issues are decided.

### 3. The Lack of Any Undue Prejudice to Plaintiffs Clearly Favors a Stay

A stay of this case presents a significant opportunity to save costs without undue prejudice or tactical delay. Contrary to seeking any tactical delay, the Double Power Defendants have in good faith participated in these proceedings while their two motions to dismiss have been pending. They raised the personal jurisdiction issues at the outset of the case and thereafter brought this motion to stay to avoid the further burden and expense that Philips appears intent on imposing on them before the Court has ruled on their motions. Courts have recognized that this factor weighs in favor of a stay, even where some discovery and motion practice has already

---

[1] Philips served these notices without conferring with the Double Power Defendants, unilaterally setting the depositions to occur in Delaware during a period that Philips' counsel knows Double Power's counsel is in a three-week jury trial in Georgia.

taken place. *Actelion Pharm. Ltd. v. Apotex Inc.*, No. 12-5743 NLH/AMD, 2013 WL 5524078, at *6 (D. N.J. Sept. 6, 2013) (noting that a motion to stay filed four months after the filing of the complaint "supports the issuance of a stay because no party has engaged in significant production or protracted motion practice" and thus weighs in favor of a stay).

Under these circumstances, there can be no inference that the Double Power Defendants are attempting to or will gain any unfair tactical advantage from the requested stay. *See Celorio*, 2013 WL 4506411, at *1 (observing that prompt filings of both petition for reexamination and motion to stay—both filed while litigation was in its early stages—counseled against inference that defendant was attempting to gain an unfair tactical advantage). Indeed, the only advantage the Double Power Defendants seek is to have the Court decide the threshold personal jurisdiction and venue issues before this case proceeds further, to their detriment. Forcing the Double Power Defendants to expend resources on discovery issues—including potentially being required to bring witnesses to Delaware—while the parties' briefing on the threshold jurisdiction issue is still pending presents the type of unnecessary undue hardship and inequity to the Double Power Defendants that this Court has warned against in the past. *See Cooper Notification, Inc. v. Twitter, Inc.*, 2010 WL 5149351, at *2 (D. Del. Dec. 13, 2010).

Although entering a stay might delay the progress of the litigation solely against the Double Power Defendants to some extent due to the time necessary to decide the Renewed Motion to Dismiss, that was a risk that Philips undertook when it chose to sue defendants with no ties to this District in this venue. Further, delay "alone does not warrant a finding that [Plaintiffs] will be unduly prejudiced." *Enhanced Sec. Research, LLC v. Cisco Sys., Inc.*, No.09-571-JJF, 2010 WL 2573925, at *3 (D. Del. June 25, 2010). Rather, Plaintiffs must particularize why the stay would unduly prejudice their rights to enforce their patents. *See id.* at *3; *see also*

6

*Celorio v. On Demand Books LLC*, No.12-821-GMS, 2013 WL 4506411, at *1 (D. Del. Aug. 21, 2013) (explaining that mere possibility of a resulting delay is not dispositive and insufficient to establish undue prejudice) Plaintiffs simply cannot make such a showing.

First, Philips has not demonstrated any competitive relationship between the parties. Second, the majority of the patents-in-suit issued over 12 years ago,[2] and the Double Power Defendants' accused products have been available for years before Plaintiffs filed suit. In short, there will be no undue prejudice to Plaintiffs if the requested stay is granted.

### III. CONCLUSION

For the foregoing reasons, the Double Power Defendants respectfully request that this Court grant their motion to stay the proceedings until its Rule 12(b)(2) and (3) Motion to Dismiss Plaintiffs' Complaint for Lack of Personal Jurisdiction and Improper Venue (D.I. 90) is resolved.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs*

Karen Jacobs (#2881)
Mirco J. Haag (#6165)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
kjacobs@mnat.com
mhaag@mnat.com
*Attorneys for Defendants*

OF COUNSEL:

Bryan G. Harrison
LOCKE LORD LLP
Terminus 200
3333 Piedmont Road NE, Suite 1200
Atlanta, GA 30305
(404) 870-4629

May 11, 2017

---

[2] Although several of the patents-in-suit were reissued recently, the underlying patents supporting such reissues are all over ten years old.

## **RULE 7.1.1 STATEMENT**

Pursuant to D. Del. LR 7.1.1.1, the undersigned hereby confirms that counsel for defendants have conferred with counsel for plaintiffs and that plaintiffs oppose the foregoing motion.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs*

Karen Jacobs (#2881)
Mirco J. Haag (#6165)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
kjacobs@mnat.com
mhaag@mnat.com
*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 11, 2017, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on May 11, 2017, upon the following in the manner indicated:

| | |
|---|---|
| Michael P. Kelly, Esquire<br>Daniel M. Silver, Esquire<br>Benjamin A. Smyth, Esquire<br>MCCARTER & ENGLISH, LLP<br>Renaissance Centre<br>405 North King Street, 8th Floor<br>Wilmington, DE 19801<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |
| Michael P. Sandonato, Esquire<br>John D. Carlin, Esquire<br>Robert S. Pickens, Esquire<br>Jaime F. Cardenas-Navia, Esquire<br>Christopher M. Gerson, Esquire<br>FITZPATRICK, CELLA, HARPER & SCINTO<br>1290 Avenue of the Americas<br>New York, NY 10104-3800<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |
| Steven J. Balick, Esquire<br>Andrew C. Mayo, Esquire<br>ASHBY & GEDDES<br>500 Delaware Avenue, 8th Floor<br>Wilmington, DE 19801<br>*Attorneys for Intervenor Microsoft Corporation* | *VIA ELECTRONIC MAIL* |
| Chad S. Campbell, Esquire<br>Jared W. Crop, Esquire<br>PERKINS COIE LLP<br>2901 North Central Avenue, Suite 2000<br>Phoenix, AZ 85012-2788<br>*Attorneys for Intervenor Microsoft Corporation* | *VIA ELECTRONIC MAIL* |

-2-

Judith Jennison, Esquire                                              *VIA ELECTRONIC MAIL*
Christina McCullough, Esquire
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
*Attorneys for Intervenor Microsoft*
*Corporation*

Michelle Berger, Esquire                                              *VIA ELECTRONIC MAIL*
PERKINS COIE LLP
11988 El Camino Real, Suite 350
San Diego, CA  92130-2954
*Attorneys for Intervenor Microsoft*
*Corporation*

                                                                        */s/ Karen Jacobs*
                                                                        _____
                                                                        Karen Jacobs (#2881)